THE TRUSTEES OF THE VILLAGE OF WATERTOWN AND F. W. WHITE *vs.* COWEN & BAGG.

The corporators and trustees of a municipal corporation are competent witnesses in behalf of the corporation.

Where the owners of land in a city or village lay out such land into lots with streets and avenues intersecting the same, and sell the lots with reference to such streets and avenues, they cannot afterwards deprive their grantees of the benefit of having such streets and avenues kept open ; and the same principle is applicable to a similar dedication of urban lands to be used as an open square or public walk.

Where lands are dedicated to the use of the inhabitants of a city or incorporated village for a public square, a bill may be filed in the name of the corporation to restrain the erection of a nuisance thereon, or to protect the equitable right of the corporators to the use of the public square as such.

A grantee of a lot adjoining a public square, who has a special covenant from the original owner of the square, that it shall be kept open for the benefit of his lot, may also file a bill in equity to restrain the grantor from violating the covenant, and may join with the corporation in such a suit.

A covenant in a deed of land, not to erect a building on a common or public square owned by the grantor in front of the premises conveyed, is a covenant running with the land, and passes to a subsequent grantee of the premises without any special assignment of the covenant.

The objection of a misjoinder of parties, complainants, should be taken either by demurrer or in the answer of the defendant ; it is too late to urge a formal objection of this kind for the first time at the hearing.

1834.

Trustees of
Watertown
v.
Cowen.

August 5.

THIS was an appeal from a final decree of the vice chancellor of the fifth circuit, perpetually enjoining the defendants from building upon the public square, or upon Mill street, in the village of Watertown. The complainants claimed that the place where the defendants had commenced the erection of buildings, was partly upon one of the public streets or highways of the village, called Mill street, and partly upon a public square which, as they alleged, had been dedicated to the public for the use of the village, as an open space or mall, by the original proprietors. The bill was originally filed in the equity court of the fifth circuit; and upon the coming in of the answer the defendants moved to dissolve the injunction. The application was denied by the circuit judge; and from his decision the defendants appealed to the chancellor. That appeal was pending and undetermined when the cause came on for a final hearing before the vice chancellor of the fifth circuit, upon the pleadings and proofs; and from the decree then made, affirming the former decision, the defendants again appealed to the chancellor.

*J. Edwards,* for the complainants. The public square in question was expressly dedicated to the public use by the proprietors of the soil, in 1805. This dedication was made by the aid and with the assent of Cowen, and was repeatedly recognized and confirmed by him during the whole period between that time and the year 1829. An express dedication to the public cannot be resumed again. (1 *Wendell,* 268. 2 *Id.* 472. 8 *Id.* 85. 5 *Taunt.* 125. *City of Cincinnati* v. *Lessee of White,* 6 *Peters' Rep.* 431.)

The erection of the frame building in question is an encroachment on the rights and property of the village, and the trustees are the proper parties to prosecute for the offence. (*Laws of* 1820, *p.* 149, § 4. *Eden on Inj.* 157.)

The covenant to Hersey, which had been assigned to White, has been clearly violated by the defendants, and a perpetual injunction is the proper remedy. (*Miller* v. *Hill,* 3 *Paige's Rep.* 254.)

The trustees and White, having a common interest, may unite in bringing the suit. The inhabitants and trustees of

1834.

Trustees of Watertown v. Cowen.

the village of Watertown, who were sworn as witnesses, were competent witnesses in behalf of the complainants. They had no private interest in the subject in controversy. (*Starkie's Ev.* 427, *pt.* 4. 2 *Livermore*, 281. 1 *Vent.* 351. *Peake's Cas.* 163. 9 *John. R.* 220. *Cornwall* v. *Heam*, 1 *Day*, 35. 7 *Mass. Rep.* 398. *Swift's Ev.* 57. *Phil. Ev.* 57, 58, *note, ed. of* 1820. *Smith* v. *Baker*, 1 *Root*, 207. 14 *Mass. Rep.* 296. 2 *R. S.* 552, § 25. 1 *Id.* 384, § 4, *and p.* 420, § 88. *Polland* v. *Scott, Peake's N. P. Cas.* 18. *Jacobson* v. *Fountain*, 2 *John. Rep.* 170. 2 *Starkie's Ev.* 745, 781, *pt.* 4. 5 *Conn. Rep.* 416. 1 *N. Hamp. R.* 273, 353. 1 *John. Rep.* 486. 12 *Id.* 285. 1 *Cox's Rep.* 189, 190. 1 *South. Rep.* 186. *D. Chip. Rep.* 250. 2 *John. Ch. R.* 626.)

*M. T. Reynolds*, for the defendants. The power of the trustees as commissioners of highways having been taken away, they have no right as trustees in the premises in question, and have no more right to interfere to prevent an encroachment thereon than any private individual. The trustees and White are improperly joined as complainants, having no common interest in the subject matter of the suit. White is not entitled to equitable relief; his remedy is at law. The covenant with Hersey has not been broken. The corporation of the village of Watertown are not authorized to have squares, public commons, parks, &c.; they can therefore acquire no such possessions by prescription or implied dedication. The building on the premises in question does not interfere with the public right of way, or with individual enjoyment. The corporation can have no relief in equity for the grievance complained of in their bill. The remedy for nuisances is by information in the name of the attorney general, or by an indictment. An injunction should not have been granted until the question of right was determined at law. (*M'Farland* v. *M'Dowell*, 1 *N. Car. L. Rep.* 110. 4 *Price*, 327. *Eden*, 86. 1 *John. Ch. R.* 211. 2 *Id.* 202. 4 *Id.* 26. 1 *Hopk. Rep.* 410. 4 *John. Ch. R.* 21, 22. *Dickens*, 599. 6 *Ves.* 51. 3 *John. Ch. R.* 282. 3 *Pick. R.* 408 *to* 413. 2 *Id.* 57. 4 *Har. & John.* 278. 3 *Stark. Ev.* 1216. 1 *Price*, 247. 3 *East*, 294. 3 *Stark. Ev.* 1215. 2

*Saund.* 175. *Cowper,* 102. 3 *Stark. Ev.* 1214, 1219, 1244. 2 *Wendell,* 13. 4 *Hen. & Munf. R.* 474. 1 *Dick.* 163.)

1834.

Trustees of
Watertown
v.
Cowen.

THE CHANCELLOR. The decision of the vice chancellor was correct in refusing to suppress the depositions of Huntington, the trustee, and of the other witnesses who were inhabitants of the village of Watertown. The remote and contingent interest of a corporator in a mere municipal corporation, is not sufficient to exclude him as a witness in behalf of the corporation. And Huntington, the trustee, although an agent of the corporation, has no other or greater interest in the event of a suit, brought in its corporate name, than any other inhabitant of the village. The corporation, and not the trustee of the corporation, is the party to the suit.

In this case, I am satisfied from the evidence, that the public square in the village of Watertown was dedicated to the use of the inhabitants of the village, by Coffeen and the defendant Cowen, the original proprietors, as early as 1806. The recent cases in the supreme court and in the court for the correction of errors, relative to the dedication of lands in the city of New-York for the purposes of streets, have settled the principle, that when the owners of urban property have laid it out into lots, with streets and avenues intersecting the same, and have sold their lots with reference to such a plat, it is too late for them to resume a general and unlimited control over the property thus dedicated to the public as streets, so as to deprive their grantees of the benefit they may acquire by having such streets kept open. And this principle is equally applicable to the case of a similar dedication of lands, in a city or village, to be used as an open square or public walk. The case of *The City of Cincinnati* v. *The Lessee of White,* (6 *Peters' Rep.* 431,) in the supreme court of the United States, is in this respect very much like the one now under consideration. In that case the equitable owners of a tract of land, before they had perfected their title thereto by a patent from the government, laid out a part of the tract into a town, which now constitutes the scite of the city of Cincinnati. And upon the plat of such town they laid out and designated a part

1834.

Trustees of
Watertown
v.
Cowen.

of the land as a public common, or open square, for the use of
the inhabitants of the town. This was held to be a sufficient
dedication of the land to the public, to vest the title to this
common, or public square, in the city of Cincinnati; although
the city was not incorporated until many years afterwards.

It is objected that the present suit is not properly brought in
the name of the corporation of the village of Watertown. The
usual mode of proceeding in this court to restrain the erection
of a nuisance, or any other unwarrantable intrusion upon or
interference with the rights of the public, is by an information
in the name of the attorney general. But in the case of the
public square in the city of Cincinnati, the supreme court of
the U. S. held that the right to the land vested in the corporate
body, for the benefit of the citizens, upon the incorporation of
the city. And although I do not feel disposed to go the length
in this case of holding that the legal title to the land is vested
in the corporation of the village, yet I can see no valid objec-
tion to considering the corporation as the proper representative
of the equitable rights of the inhabitants of the village to the
use of the public square, so as to authorize the filing of a bill
by the corporation, in this court, to protect those equitable rights
against the erection of this nuisance. The court of chancery
in England granted an injunction upon the application of the
corporation of the city of London, to prevent a nuisance by
which the lives of the citizens would be endangered. (*The May-
or, &c. of London* v. *Bolt*, 5 *Ves.* 129.) And in the state of North
Carolina, a decree for a perpetual injunction, to restrain the
erection of a nuisance which would endanger the health of
the town of Tarborough, was made upon a bill filed by the
attorney general and the inhabitants of the town, jointly.
(*The Attorney General and others* v. *Blount*, 4 *Hawk's R.* 384.)

The covenant in the conveyance to Hersey, not to erect or
suffer to be erected, any tenement, edifice or structure on the
street, highway, or common, owned by the grantor in front
of the premises conveyed, was a covenant running with the
land. It was the grant of a privilege, or easement, which pass-
ed to White under the conveyance from Hersey to him; and
no separate assignment of the covenant was necessary to
transfer all Hersey's interest therein. And this court has al-

ready decided that the grantee of such an easement is entitled to an injunction, to restrain the owner of the servient tenement from erecting buildings thereon in violation of his covnant. (*Hills* v. *Miller*, 3 *Paige's Rep.* 254.) I do not understand this covenant as only intended to prevent the erection of a tenement or building directly in front of the Hersey lot. The agreement, according to my construction of it, is, that the grantor will not erect buildings, or suffer them to be erected, on the common or public square, which is in front of the premises conveyed. Under such a covenant the present owner of the Hersey lot has a right to insist that the whole public square shall be kept open ; as the existence of such an open space in a populous village must of course enhance the value of the lots fronting on the same. And, if the owner of the public square had already dedicated it to the public, no special covenant was necessary to authorize his grantees to insist that it should be kept open for their benefit or their assigns.

If each of the complainants had a right to file a bill to restrain the erection of this nuisance, as they had a common right and the injury was the same or common to both, I see no valid objection to their joining in one suit. But even if there was a misjoinder, the objection should have been made by demurrer, or in the answer of the defendants. It is too late to urge a mere formal objection of this kind for the first time at the hearing. The decree of the vice chancellor is therefore affirmed, with costs.

The whole case being thus disposed of on the merits, it would be useless to spend the time of the court in examining how far the case presented upon the bill and answer differed from that which is now presented upon the pleadings and proofs, with a view to the decision of the first appeal. For the sole purpose, therefore, of disposing of that appeal, the decision of which at this time can be of no use to either party except as to the mere question of costs, which in this case are in the discretion of the court, I shall direct the first appeal to be dismissed, and without costs.