JANE E. WIGGINS, Appellant, *v.* PATRICK McCLEARY, Respondent.

Where the owner of a tract of land lays it out into lots, and intersects it with a street or alley for the convenience of the lots, and sells a lot bounding it upon said street or alley, the purchase being made in reference to such convenience, the purchaser acquires an easement in the street or alley which cannot be recalled. Such an easement is not lost by mere non-user, and where the non-user is claimed as evidence of an abandonment of the right, it is a question of intent dependent upon the circumstances, and therefore, a question of fact.

(Argued April 26, 1872; decided May 3, 1872.)

APPEAL from judgment of the General Term of the Supreme Court in the second judicial department, affirming a judgment in favor of defendant entered upon the decision of the court at Special Term dismissing plaintiff's complaint.

The action was for an injunction restraining defendant from trespassing upon an alley called Howard's court, in the city of Brooklyn. The premises were originally owned by Joshua Sands, who laid it out into lots and laid out the alley. The alley ran west from Main street; all the lots along it were bounded thereon, it being referred to in the deeds

as " an alley." The alley ended at defendant's lot, which was bounded thereon. Evidence was given tending to show that defendant and his grantors had not used the alley for twenty-two years.

The court found that defendant had an easement in the alley, that it had been dedicated to the use of the owners of the lots bounded thereon, including defendant, and directed the dismissal of the complaint.

*Philip S. Crooke* for the appellant. The case is a proper one for an injunction. (*U. R. Co.* v. *Bolton*, 3 Railway Cases, 345 ; *Carpenter* v. *Gwynn*, 35 Barb., 396 ; *S. and N. R. R. Co.* v. *S. and G. R. Co.*, 4 Eq. Cases, 174 ; *Hervey* v. *Smith*, 1 K. & J., 389.) If any easement ever existed, the voluntary abandonment thereof was a waiver. (2 Wash. on Real Prop., 47 ; 3 Kent Com., 449 ; *Reg.* v. *Charley*, 12 Jurist. R., 1850, p. 822 ; *Ward* v. *Ward*, 14 Eng. L. & E., 413.)

*Sidney V. Lowell* for the respondent. Defendant has an easement in the alley. (*Matter of N. Tenth St.*, 48 Barb., 211, 221 ; *Child* v. *Chappell*, 5 Seld., 237.) The easement having been acquired by deed, was not extinguished by non-user. (*Jewett* v. *Jewett*, 16 Barb., 150 ; *Sengles* v. *Hastings*, 22 N. Y., 117.)

Per CURIAM. If it be granted that the plaintiff showed upon the trial that she had the title in fee or otherwise to the alley, still, if the defendant had a right to the user of it for the purpose complained of, she cannot maintain her action. The finding of the learned justice who tried the case determines that he had such right. It is not put upon actual use by him and his grantors for such period, and in such manner, as to constitute a possession adverse to the owner of the real title. It is put upon the effect of the conveyances in evidence. These conveyances are not set out in the papers before us. But the synopsis of them furnished, and the oral evidence in

the case, indicate this : that Joshua Sands was once the owner of a tract of land upon which this alley, and the lots now abutting upon it, are situated; that Sands laid out this tract into lots; that he laid out this alley; and that he then conveyed lots, in terms bounding them upon the alley. There was enough in evidence to warrant the learned justice in inferring that these lots were sold and bought with reference to this alley as a continuing convenience to them; and in finding that there was an easement in the alley, conveyed to the purchasers and their assigns. The conveyances do recognize this alley as a visible and permanent boundary of the lots described as abutting upon it. In the oral testimony, though it is conflicting, there was matter which tended to show a use of the alley by the grantees in the conveyances and their assignees.

It is well settled that where the owner of a tract of land lays it out into lots, and intersects it with a street or alley, obviously for the convenience of the lots, and purchases are made in reference to such convenience, and conveyances are given bounding lots upon such street or way, recognizing it as an established and permanent subject of use by the owners of the lots, there is created in the owners an easement in the street or way which cannot be recalled. (*Trustees, etc.,* v. *Cowen,* 4 Paige, 510.)　*Bissell* v. *N. Y. C. R. R. Co.* (23 N. Y., 61), in which Mason, J., says of a deed of lots bounding them upon a street, not public, because not accepted by the authorities, that, as between the grantees and the grantor, his conveyance, *per se,* dedicated it to their use as a street.

Whatever may be the evidence as to non-user by the grantors of the defendant, if it go no farther than is claimed by the plaintiff, it does not impair the right which he obtained from them. A right of way created by deed is not lost by mere non-user. (*Smyles* v. *Hastings,* 22 N. Y., 217; *Arnold* v. *Stevens,* 24 Pick., 106.) And where non-user is evidence of an abandonment of a right, it will depend upon the circumstances, and is a question of intention. (*Ward* v. *Ward,* 14

Eng. Law and Eq., 413.)    This is a question of fact; and the plaintiff brings us no finding upon it.

The judgment appealed from should be affirmed, with costs to the respondent.

All concur.

Judgment affirmed.