APRIL TERM, 1875. 589

Evangelical Lutheran St. John Orphans' Home v. Buffalo Hydraulic Assoc'n.

EVANGELICAL LUTHERAN ST. JOHN ORPHANS' HOME v. BUFFALO HYDRAULIC ASSOCIATION.

*Execution — easement owned by corporation liable to sale under.*

A right granted to a corporation to enter upon lands of another and construct a dyke and excavate a canal, *held* liable to sale under execution upon a judgment against such corporation.

APPEAL by defendants from a judgment in favor of plaintiff entered upon the report of a referee.

The action was brought by the Evangelical Lutheran St. John Orphans' Home of the City of Buffalo against the Buffalo Hydraulic Association and others, to require defendants to remove a dam which they were constructing across Buffalo creek on plaintiff's lands, and to enjoin them from constructing such dam. The Buffalo Hydraulic Association was incorporated by Laws 1827, chap. 58. By an instrument executed by Robert Troup and others, who owned the lands mentioned, in 1828, the corporation were authorized to take possession of lands upon Buffalo creek and to construct a dam or dyke across such creek, and to excavate a canal for the purpose of conveying the waters of said creek to the then village of Buffalo. Under the authority given the corporation a dyke was built and a canal excavated, and the works were for some time maintained. In 1852, under an execution issued upon a judgment against such corporation, all the real estate, rights and franchises of said corporation were sold by the sheriff of Erie county to one Heacock. The referee found that the canal excavated, however, had been in places filled up ; that the water had ceased to flow through it entirely since 1872, and that the same had been abandoned for the purposes mentioned in the conveyance from Troup. In 1868, Robert Troup and others conveyed to plaintiff, a corporation, the fee of the lands upon and through which the right to construct the dyke and canal was given, and the plaintiff took possession of such lands and erected buildings and improved them for its own uses. In 1873 the defendants, two of whom claimed to have acquired the interest purchased by Heacock, but whom the referee found to have no such interest, began the erection of a dam across the creek at a different place from where the former one was erected. The result

of the construction of such dam would be to cut off the exit of plaintiff from its buildings over a private way which had been in existence over forty years, and to otherwise injure plaintiff's premises.

*Thayer & Benedict*, for appellant.

*George W. Cothran*, for respondent.

Present — MULLIN, P. J., E. DARWIN SMITH and GILBERT, JJ.

GILBERT, J. It is not important to inquire whether the subject of the grant made to the defendants' corporation was an easement appurtenant to the estate of the grantee, or was in gross. In either case it passed by virtue of the sale under the execution. If it was a servitude imposed on the estate of the grantor, for the benefit of the estate of the grantee, it passed as being incident to the dominant estate, or as appurtenant thereto. If it was an easement in gross, it was an interest in lands which might be sold separately from any other estates of the grantee. The description of the property sold and conveyed by the sheriff would embrace an easement of either kind. Angell on Water-courses, §§ 142, 143, 153 a; *Goodrich* v. *Burbank*, 12 Allen, 461; *Post* v. *Pearsall*, 22 Wend. 425.

That the sale under the execution was a valid one and vested the title in the purchaser we think admits of no question. The corporation was empowered to incur debts, and it was capable of suing and being sued. Laws 1827, chap. 58, §§ 1, 10; 1 R. S. 556.

The tangible property of a corporation like the defendant is invested with no immunity from seizure and sale for the payment of a judgment recovered against it that does not belong equally to individuals. The statute makes a judgment a lien on the real property of every person against whom it shall be rendered (Code, § 282), and authorizes an execution for the enforcement of the same. Id., § 283. And another statute provides that whenever in the Revised Statutes, or *in any other statute*, the word "person" is used, bodies incorporate shall be deemed to be included (2 R. S. 778, § 11), and such probably would be the rule without the statute. It is useless, therefore, to inquire whether, as the appellant contends, at common law a corporation might put its creditors at defiance or drive them into a court of equity to collect their debts,

for here is our express authority for a sale of their property under an execution, and no reason exists why their property should be protected against such a sale. The provisions of the Revised Statutes relative to proceedings against corporations in equity afford ample protection to the just rights of other creditors. 2 R. S. 462. Their corporate franchises are not the subject of sale, and were not sold. The corporation may still exercise them in connection with any other property. It is not restricted to the use of that which was sold.

We are also of opinion that the evidence shows, and that the referee in effect has found, that the easement was abandoned. That being a question of fact, depending upon the circumstances of the case, and time not being absolutely essential to establish the fact, the decision of the referee is conclusive. 2 Washb. Real Prop. 454; 3 Kent's Com. 419; *Wiggins* v. *McCleary,* 49 N. Y. 348; *Crossley* v. *Lightowler,* L. R., 2 Ch. App. 483.

The question whether an easement acquired by grant may be abandoned is moreover precluded by the terms of the grant itself. The right to terminate the servitude in such an event was thereby revoked to the grantor. That right passed with the estate conveyed to the plaintiffs, and has been duly exercised by them.

As to the defendants Getz, they have shown no title, and it is quite clear upon the facts presented that they are mere trespassers.

For these reasons, and without considering the subordinate questions suggested, we think the judgment should be affirmed, with costs.

*Judgment affirmed.*