HELEN L. GRINNELL *against* FREDERICK S. KIRTLAND, CHARLES S. KERNER, *et al.*

(Decided March 6th, 1876.)

Where land in the city of New York, lying between 155th and 157th streets, was conveyed by the owner in separate parcels, the northerly part to the plaintiff's grantors, and the southerly part to the defendant's grantors, and in these deeds of conveyance the center line of 156th street was named as the boundary line of the two plots, said 156th street having been laid down on a map of the city, previously made, as being a street 60 feet in width, and running through the center of the land, although no such street had ever been laid out: *Held*, that this did not amount to a dedication to the public or adjoining landowners of a street such as laid out on the map, nor could the plaintiff compel the defendants to leave said street open as a street to its full extent, as laid down on the map.

APPEAL by plaintiff from a judgment of the court entered on the decision of Judge LARREMORE, after a trial before him without a jury.

The action was brought to obtain the decree of the court that plaintiff, as an owner of lands fronting on 156th street, in the city of New York, was entitled to have said street kept open as a street in front of her lands to its full width of 60 feet, and that the defendants, Kirtland and Kerner, be directed to remove, or cause to be removered, all fences or obstructions placed by them thereon, to set back their fences to the southerly line of said street, and to refrain from in any way obstructing the southerly half of said street, &c.

The facts are fully stated in the opinion of the court at special term, which was delivered by

LARREMORE, J.—In the year 1851, Mrs. Lucy Audubon was seized and possessed of certain lands in the city of New York, known as "Audubon Park," lying between the streets and avenues designated on the map or plan of said city previously made, as 155th and 157th streets and the 11th and 12th avenues. On said map a strip of land, 60 feet in width, was laid out thereon as 156th street.

In the year last mentioned, Mrs. Audubon sold the lands fronting on 156th street to different parties (her two sons), making the center of 156th street the dividing line and the northerly and southerly boundary of the respective parcels thus conveyed. At the time of such sale there was a road or lane running through said lands, along that portion thereof which is shown on said map as the northerly part of 156th street, and is now used substantially as the same was originally laid out for the convenience of the owners of property on the line thereof.

In the deeds given by Mrs. Audubon as aforesaid, each of the grantees therein named covenants and agrees that their grantor, her heirs and assigns, shall be and are entitled to a sufficient right of way through and along 156th street, thereby conveyed to said grantee for all lawful purposes, to use the same as a public road.

The parties to this action, by sundry mesne conveyances, have become the owners of the land in question, the plaintiff

of the northerly, and the defendants of the southerly portion thereof.

No map of said premises was ever made by Mrs. Audubon. No proceedings have ever been taken by the public authorities to open said street, and on an official map recently made, said strip of land is not laid out as a street, and does not appear thereon.

This fact summarily disposes of the question as to the right to have and use said strip of land as a street.

The plaintiff claims, however, that by the boundaries contained in said deeds by Mrs. Audubon, there was a dedication of said land called 156th street as and for a street, and that the same is subject to an easement and right of way for the benefit of the owners of lands fronting thereon, to the full extent of the width thereof, and that it should be kept open for that purpose.

To this end she seeks the judgment of the court, and that defendants may remove all fences and obstructions from the southerly half of said street, and refrain thereafter from obstructing the same.

The question of dedication is one of intent, to be established by acts unequivocal and decisive in their character and unmistakable in their purpose (*Hunter* v. *Trustees of Sandy Hill*, 6 Hill, 407; *Carpenter* v. *Gwynn*, 35 Barb. 395.

This principle is general in its application, whether construed as in favor of the public, or as between owners and purchasers.

Did Mrs. Audubon intend that a street of the width of sixty feet should be opened at once, and in any event, for the benefit of her immediate grantees, whether it should be accepted or not by the public authorities? Did said grantees so understand it, when, in the very instrument in which such dedication is alleged to have been made, is contained a reservation on her part and a covenant on theirs as to a right of way through and along the street in question?

No demand appears to have been made on their part, or by their successors in interest, for the opening and use of said street; on the contrary, the road reserved in said deeds has

been used and accepted by them as sufficient for all purposes of ingress and egress to and from the lands in question for more than twenty years.

It is evident, then, that the alleged dedication was qualified and not absolute; that it was intended to take effect only upon an acceptance by the public authorities.

But it is urged with great force, that the question in dispute has already been adjudicated; that where an owner of city property sells it in lots or parcels bounded on a street, whether opened or designed, and by reference to a map made and filed, such act alone constitutes a dedication of the land included in the proposed street.

But in the cases relied upon to sustain this proposition, viz., *Livingston* v. *The Mayor, &c.* (8 Wend. 85); *Wyman* v. *The Same* (11 Wend. 487); *In re* 39*th Street* (1 Hill, 191); *In re* 17*th Street* (1 Wend. 262), the question of acceptance was not in dispute.

These were cases arising upon assessments made for the opening of the streets by the public authorities, and the fact of acceptance was the basis of the whole proceeding.

The general term of the Supreme Court, in *Badeau* v. *Mead* (14 Barb. 328), after a review of the earlier decisions, holds, " that a grant, whether inferential or direct, or whether to the public or to a private individual, is inefficacious until accepted by the grantee; that the doctrine of dedication has been carried far enough, and ought not to be extended."

And the Court of Appeals, in *Fonda* v. *Borst* (2 Keyes, 48), held, that a purchaser of a lot designated and laid out on a map, as bounded by a street, was not entitled to have said street opened until it had been accepted by the public. This decision makes no distinction between urban and rural property.

The land in dispute not having been accepted by the public authorities, there was no dedication of it as a street, nor has there been any acceptance or use of it as a road to the extent mentioned in the alleged dedication.

The plaintiff having the full and undisturbed possession and enjoyment of an easement or right of way accepted by the origi-

nal grantee, and used by him and those claiming under him for over twenty years, cannot sustain this action, and judgment must be rendered for the defendants therein.

From the judgment entered in accordance with this opinion, the plaintiff appealed.

*S. P. Nash* and *Augustus F. Smith*, for appellant argued: I. Upon and after the conveyances by Lucy Audubon, bounding the property conveyed, by the strip of land known as 156th street, that strip of land became and was and is, subject to an easement and right of way for the benefit of the plaintiff, and the other owners of the lands fronting on said street, to the full extent of its width (*Bissell* v. *N. Y. Central R. R. Co.* 23 N. Y. 61, 64, 65; *Wiggins* v. *McCleary*, 49 N. Y. 346; *Cox* v. *James*, 45 N. Y. 557; *Smyles* v. *Hastings*, 22 N. Y. 217; *O'Linda* v. *Lothrop*, 21 Pickering, 296, 297; *Matter of 4th Avenue*, 11 Abb. Pr. 189; *Lozier* v. *N. Y. Central R. R. Co.* 42 Barb. 465; *Matter of 39th Street*, 1 Hill, 191; *Livingston* v. *The Mayor, &c.* 8 Wend. 85–89; *Wyman* v. *The Mayor*, 11 Wend. 486–494; *Matter of 17th Street*, 1 Wend. 262; *Matter of Lewis Street*, 2 Wend. 472; *Badeau* v. *Mead*, 14 Barb. 328). (*a.*) As between Lucy Audubon and her grantees, her conveyances to them *per se* dedicated 156th street to their use as a street (*Bissell* v. *N. Y. Central R. R. Co.* 23 N. Y. 64, 65; Dillon on Municipal Corporations, 487). (*b.*) In this aspect of the case, the question whether or not the deeds executed by Mrs. Audubon dedicated 156th street as a public street, and whether or not that dedication was accepted by the public authorities, becomes immaterial; for if a valid easement or right of way were granted and created by those deeds, it exists, and plaintiff is entitled to be protected in its enjoyment, irrespective of any question of dedication or of acceptance of the street by the public authorities (see cases above cited). (*c.*) The action of the commissioners of the Central Park, in laying out certain streets, squares and public places in the upper part of the city, and in omitting to lay out 156th street as a street on their map, cannot, as between plaintiff and defendants, affect nor prejudice her right to the easement and

right of way in question (see cases above cited).   II.  The strip of land in question, having been laid out on the map of the city of New York as One Hundred and Fifty-sixth street, and having been made by Lucy Audubon the boundary of the lands conveyed by her, must be deemed to have been dedicated by her as a street (*Livingston* v. *The Mayor*, 8 Wend. 85–89; *Wyman* v. *The Mayor*, 11 Wend. 486–494; *Matter of 17th Street*, 1 Wend. 262; *Matter of Lewis Street*, 2 Wend. 472; *Matter of 39th Street*, 1 Hill, 19; *Badeau* v. *Mead*, 14 Barb. 328, 338; *Smyles* v. *Hastings*, 22 N. Y. 217; *Bissell* v. *N. Y. Central R. R. Co.* 23 N. Y. 61; *Lozier* v. *N. Y. Central R. R. Co.* 42 Barb. 465).

III.  The laying out on the map of the city of New York, of the strip of land in question as 156th street is, it is submitted, sufficient evidence, *prima facie*, of its acceptance (*Badeau* v. *Mead*, 14 Barb. 338).   IV.  The reservation to herself and her heirs and assigns, by Lucy Audubon, in the conveyance, of the rights of way therein mentioned, does not affect nor impair the easement created by her in favor of her grantees and their assigns, because: (A.) It was not inconsistent with the easement.   (B.) It was at most mere precaution, designed for her personal protection and benefit.   V.  The road or lane running over and through 156th street to the 11th avenue, constructed in 1852, was not in use nor in existence for over twenty years prior to the commencement of this action.

VI.  The bill filed in this case is the proper remedy for the wrong complained of (*Trustees of Watertown*, 4 Paige, 510; *Hills* v. *Miller*, 3 Paige, 254; *Seymour* v. *McDonald*, 4 Sandf. Ch. 502; *The Mayor* v. *Stuyvesant*, 17 N. Y. 34, 43).

*George C. Genet*, for respondents.

CHARLES P. DALY, Chief Justice.—I think the decision of the judge below was correct.   The appellant's counsel conceded upon the argument, that 156th street had never been dedicated as a public street, and that they did not put their claim upon that ground, but upon the ground that, as between the parties to the deeds under which the plaintiff and the defendants derived their titles to the lands held by them respectively, a

right of way to the extent of 156th street, as that street is laid down upon the commissioners' map of 1807, passed to the original grantors. This is assumed to follow from the fact that Mrs. Audubon, when she conveyed the land in 1851 to her two sons in separate parcels, conveyed all on the north of the center line of 156th street to her son Victor G., and all on the south of that line to her son John W., the plaintiff's title being derived under Victor G., and the defendants' under John W. Audubon.

It does not necessarily follow that, because Mrs. Audubon bounded the lands conveyed to her two sons upon 156th street, that the effect of it was to give to each of them a right of way to the extent of the designated street, whether it was accepted or not by the public authorities as a public street. It was laid down upon the commissioners' map of 1807 as a street, and in view of the possibility that it might be accepted by the public authorities and laid out as a street, she made out her conveyances in anticipation of an event that was not only possible but highly probable. It never was, however, accepted by the public authorities, but on the contrary, upon the map of the city, of the commissioners of the Central Park of 1869, who had authority from the legislature to lay out that part of the city in streets, it was omitted, and in the deed of the land conveyed to the plaintiff, and bounded by the north line of 156th street, the street is declared not be opened or laid out. No easement therefore, or right of way to the whole extent of the land designated upon the map of 1807 as 156th street, was ever acquired by the plaintiff under the deeds of Mrs. Audubon, or by any dedication or acceptance of it as a street.

When Mrs. Audubon conveyed the separate parcels to her sons in 1851, there was a lane, as shown in Exhibit R, extending from the 11th avenue, and running along what is now the defendant's land, and then across 156th street, which about that time was abandoned, and, as would seem, for the general convenience of all parties, and with their implied consent, a new lane was substituted, running along the 11th avenue to 156th street, and then along 156th street, between what are now the lands of the plaintiff and the defendants; which lane on 156th street is now 25 to 27 feet in breadth, and wide enough for a

carriage; which lane has been substantially in the same place and in use uninterruptedly as a public way, since at least 1852. This lane is now inclosed on each side with a fence, the defendant's husband having been the first to put up a fence on the plaintiff's side, about fourteen years before the trial, which four or five years before the trial, he moved a few feet, encroaching upon the lane.

The deeds made by Mrs. Audubon to her sons, each contained a covenant that she and her heirs, &c., should have a sufficient right of way through and along the part of the 12th avenue and 156th street then conveyed, for all legal purposes, to use the same as a public road, and the lane now in use as a substitute for the former one was made by Mr. Audubon, one of the grantees, in 1852, as would seem, in conformity with and to carry out this covenant.

If Mrs. Audubon meant that this easement or right of way should extend along the line and to the breadth of 156th street as that street was then laid down upon the map referred to, it was an easy matter to have said so, instead of using such language in her deeds as "a *sufficient* right of way for all legal purposes, to use as a public road," which shows that what she meant was what already existed, a sufficient public road through the land, and which, immediately after her conveyance, was carried out by changing the old road or lane, and running it between the two separate pieces of land she had conveyed to her sons, and bounded by the center line of 156th street, as that street was laid down on the pre-existing map.

This lane the plaintiff has the enjoyment of in common with the public, and it is all the easement she has in the land lying between her and the defendants, beyond any right she may have acquired by the conveyance made to her husband by the executrix of John W. Audubon, which it is not material here to inquire into.

The judgment should be affirmed.

RObinson and Joseph F. Daly, JJ., concurred.

Judgment affirmed.*

---

* Affirmed also by the Court of Appeals.