## MAYWOOD CO. ET AL.

### v.

## VILLAGE OF MAYWOOD ET AL.

1. DEDICATION OF PARK—CHANCERY.—Where, after the dedication of land as a public park, the company giving it seek to reclaim it as private property by assuming to control it, placing a mortgage upon it to secure a private indebtedness and otherwise asserting ownership, the remedy of the village and property owners who had purchased lots of the company, induced by their acts and representations as to the park, etc., is properly in a court of equity.

2. PARTIES.—In such case, where the village and property owners sue together, there is no misjoinder of parties.

ERROR to the Superior Court of Cook county; the Hon. GEORGE GARDNER, Judge, presiding. Opinion filed December 16, 1885.

Mr. FRANCIS ADAMS and Mr. GEORGE M. GARNETT, for plaintiffs in error; that a private individual can not maintain a bill to enjoin a breach of public trust in the absence of statutory authority without showing that he will be specially injured thereby, cited Angell on Highways, § 284; Bigelow v. Hart. ford Bridge Co., 14 Conn. 565; O'Brien v. N. & W. R. R. Co., 17 Conn. 372; Paul v. Carver, 24 Penn. 207.

Mr. MASON B. LOOMIS, for defendants in error; that the proper remedy was in equity, cited Morris v. Thomas, 17 Ill. 112; Frazier v. Miller, 16 Ill. 48; Martin v. Dryden, 1 Gilm. 187; Haworth v. Taylor, 108 Ill. 276.

As to misjoinder of parties: Baird v. Jackson, 98 Ill. 92; Gage v. Chapman, 56 Ill. 311; Finch v. Martin, 19 Ill. 105; Ryan v. Trustees, 14 Ill. 20; 1 Daniell s Ch. Pr. 4th Ed. 303, note 3; Murray v. Hay, 1 Barb. Ch. 59; Putnam v. Sweet, 1 Chand. (Wis.) 286.

WILSON, J. This was a bill in equity brought by the village of Maywood, Henry W. Small and Joel H. Hubbard, appellees, against the Maywood Company and Jabez W. Potter, appellants; the principal relief sought being to obtain a decree declaring block 58 in the village of Maywood to be a public park, and to subject the same to the control of the municipal authorities of said village. The case was heard in the court below upon the pleadings and proofs, and the court found that the matters alleged in the bill were true; that the Maywood Company in 1869, being then the owner of the land comprising the present village site of Maywood, laid out and platted the same into blocks and squares as a suburban village, and in doing so designated and set apart block 58, containing about sixteen acres, as and for a public park; that the company caused the plat to be recorded in the recorder's office of Cook county, and thereafter, in order to induce persons to purchase and improve lots and locate in the village, they commenced improving and beautifying said park by constructing walks, lakes, rustic bridges, dancing floors and other appliances for the use and amusement of the public, and also in various ways, by cir-

culars and pamphlets, advertised the same as a public park ; that, induced by such acts and representations of said company, appellees, Small and Hubbard, as also others, bought lots of the company, which they improved and have ever since resided upon ; that the village of Maywood was subsequently, in 1881, incorporated under the general act for the incorporation of cities and villages. The court found as a fact, and so decreed, that said block was dedicated as a public park, and had been accepted as such by the public within a reasonable time after such dedication ; and further, that the village of Maywood, when subsequently incorporated under the general act, offered to take the charge and control of the same. Upon a careful consideration of the evidence we are of opinion that a common law dedication of the block as a public park was sufficiently shown, and that the decree of the court in that respect is supported by the proofs.

We are also of opinion that the complainant's remedy was properly sought in a court of equity. The Maywood Company having, after the dedication of the land as a park, sought to reclaim it as private property by assuming to control it, placing a mortgage upon it to secure a private indebtedness, and otherwise asserting ownership, a court of law could not afford adequate relief. Chancery alone could dispose of the incumbrances and settle the rights of all the respective parties. 1 Gil. 187 ; 4 Paige Ch. 510.

Nor is it perceived that there was any misjoinder of parties. The rule seems to be that where there is an identity of interest in the question involved, and in the relief sought, and the separate injury sustained by each complainant is produced by the same cause or wrongful act, there is no misjoinder. 1 Dan. Ch. Pr. 345; Hickling v. Wilson, 104 Ill. 58; Trustees of Watertown v. Cowen et al., 4 Paige Ch. *supra*. Here the producing cause of the injury is one and the same as to all the several complainants, namely, the threatened destruction of a public park, in which the village of Maywood as an entity, and each one of its individual property owners and tax payers, have a like interest, and the relief sought by each is identical.

As to the merits of the case they are plainly, under the

showing made by the proofs, with appellees. The chancellor properly, we think, found that the mortgagees, at the time of taking the mortgage, knew or were chargeable with notice that the block in question had been dedicated to the public as a park, and was no longer subject to the disposal of the Maywood Company.

Finding no material error in the record, the decree of the court below will be affirmed.

Decree affirmed.