SARAH CHARLOTTE CLARKE, Respondent, *v.* MOSES DEVOE, Appellant.

*Covenant by a grantor that he will not erect a nuisance — liability of the covenantor thereunder for the act of his grantee of the servient tenement.*

The defendant being the owner of two plots of ground, known, respectively, as Nos. 22 and 24 Tenth street, in the city of New York, conveyed lot No. 24 to one Clarke by a deed containing the following covenant: "And the said Moses Devoe, being also the owner of the adjoining lot known and distinguished as No. 22 Tenth street, for himself, his heirs, executors, administrators and assigns does hereby covenant to and with the said party of the second part, his heirs, executors, administrators and assigns, that he will not erect, or cause to be erected, on said lot No. 22 Tenth street, any building which shall be regarded as a nuisance, or which shall be occupied for any purpose which may render it a nuisance."

The plaintiff acquired title to said lot No. 24 through Robert Clarke. The defendant having sold and conveyed lot No. 22 to one Johnson, the said Johnson commenced the erection of a stable on said lot, which was claimed by the plaintiff to be a nuisance and to be in violation of the covenant above set forth.

In this action, brought against the defendant for an alleged violation of his covenant, it was:

*Held,* that an action, for a breach of the covenant, would not lie against the defendant unless it would also lie against his grantee, the owner of lot No. 22.

That the claim that the covenant was to be construed as one upon the part, not only of the defendant but also upon the part of each of his grantees, so that each grantee became a party thereto upon his receipt of a conveyance of lot No. 22, was not maintainable.

That the defendant was not liable for a breach of the covenant.

APPEAL from a judgment in favor of the plaintiff, entered upon the verdict of a jury at the New York Circuit, and also from an order denying a motion on the part of the defendant for a new trial, made upon the minutes of the court before which the action was tried.

The action was brought for the recovery of damages claimed to have been sustained by the plaintiff and her grantors and assignors by reason of the nuisance arising from the use of a stable adjoining the premises owned by her, which damages were fixed by the jury at $2,000.

*Freling H. Smith* and *A. H. Stoiber,* for the appellant.

*A. J. Dittenhoefer,* for the respondent.

VAN BRUNT, P. J.:

The facts, so far as it is necessary to state them in the disposition of this appeal, appear to be as follows: In 1857 the defendant was the owner of two plots of ground in this city, with the buildings thereon, called Nos. 22 and 24 Tenth street, and in that year conveyed one of said lots, with the building thereon (No. 24), to one Robert Clarke by a deed containing the following covenant: "And the said Moses Devoe, being also the owner of the adjoining lot known and distinguished as No. 22 Tenth street, for himself, his heirs, executors, administrators and assigns, does hereby covenant to and with the said party of the second part, his heirs, executors, administrators and assigns, that *he* will not erect, or cause to be erected on said lot No. 22 Tenth street, any building which shall be regarded as a nuisance, or which shall be occupied for any purpose which may render it a nuisance."

The plaintiff acquired title to said house and lot from a grantee of Robert Clarke in December, 1881. In June, 1863, the defendant

sold and conveyed the other lot and building No. 22 Tenth street, to James Boorman Johnston, who immediately thereafter commenced the erection of the stable now on said lot mentioned in said deed to Clarke as No. 22 Tenth street. This stable, it is claimed by the plaintiff, is, and has been almost ever since its construction, used in such a manner as to render it a nuisance; and she further alleges that she has been greatly damaged in the use of the premises occupied by her, and that the defendant is liable to her for such damages because of the covenant in his deed to Clarke above mentioned.

The learned judge, in the court below, held that the maintenance of a nuisance upon lot No. 22, by Johnston, the grantee of the defendant, was a breach of the covenant contained in the deed to Clarke, and that the defendant was liable in damages in an action at law therefor. It is to be observed that the language of the covenant is that " he will not erect, or cause to be erected on said lot No. 22 Tenth street, any building which shall be regarded as a nuisance, or which shall be occupied for any purpose which may render it a nuisance." It is conceded that he, the covenantor, has not violated the covenant, but it is claimed, as he covenanted for himself, his heirs and assigns, that he would not erect, or cause to be erected, that he must have intended to covenant that neither he nor they would do the thing covenanted against. It is to be observed that the covenant is contained in the grant of lot No. 24, and that the grantee of lot No. 24 has made no covenant whatever in respect to the use of lot No. 24, and thus, if the plaintiff's construction of this covenant is to prevail, the defendant, the owner of two lots, upon the conveyance of one, intended to make the lot of which he remained the owner subservient forever to the lot conveyed in respect to erections and uses, and has exacted no protection in respect to his own lot from erections or uses to which the lot conveyed might be devoted. Under the facts of this case, can the plaintiff maintain an action because of the breach of the covenant contained in the deed in question against the present owner of lot No. 22?

If by the covenant the covenantor covenanted not only against his own acts, but against those of his heirs and assigns, the covenant was one running with the land and could be enforced against the present owner of lot No. 22 (*Hills* v. *Miller*, 3 Paige, 254;

*Trustees of Watertown* v. *Cowen*, 4 id., 514), and lot No. 22 has been rendered subservient to this covenant ; and as the deed creating the right was recorded before the recording of the deed to the grantee of No. 22, such grantee has had constructive notice of this subjection of the lot conveyed to him to lot No. 24. It is no answer to this suggestion to say that the covenant is simply against a nuisance, and that without any covenant an action might be brought against the present owner for maintaining a nuisance by any person injured, because this action is founded strictly upon a breach of the covenant contained in the deed from Devoe to Clarke, and is to be treated as though the covenant restricted the doing upon lot No. 22 of that which otherwise would have been a perfectly legal act. If this covenant had been against the erection of a tenement-house upon lot No. 22, we do not think that the court would have entertained for a moment a bill to restrain a subsequent grantee of lot No. 22 from the erection of a tenement-house thereon, because it would have held that the grantee of No. 22, upon reading the covenant contained in the deed in question, would have had the right to conclude that the covenant was merely personal, and that there was no intention to make lot No. 22 forever subservient to lot No. 24. If an action would not lie against the owner of lot No. 22 for a breach of the covenant, then no action will be against the defendant.

The position of the plaintiff requires, and such is the claim made on his behalf, the covenant to be construed as one upon the part not only of the defendant, but upon the part of his grantees, to which each grantee became a party upon his receipt of a conveyance of the servient tenement. This would be giving a scope to the covenant which carries its effect far beyond what the language used requires, and beyond what the grantees of lot No. 22 had a right to assume in accepting a conveyance of that lot. An incumbrance affecting lot No. 22 for the sole benefit of lot No. 24, and in a conveyance of lot No. 24, into which a purchaser would hardly look for incumbrances upon lot No. 22, will not be inferred by a forced construction of the covenant or an amplification of its language beyond its natural meaning.

The learned counsel for the respondent calls our attention to the case of the *London, Chatham and Dover Railway Company* v.

*Bull* (47 Law Times Rep., 413), which appears to conflict with the foregoing conclusion, but the facts of the case are so different that the ordinary rules of construction would require a different interpretation, although the words used in the covenant are remarkable for their similarity.

The railway company conveyed certain lands to one Q., who covenanted "for himself, his heirs, executors, administrators and assigns, that he, the said Q., will not erect, or build any erection or building of any kind whatsoever within ten feet of the railway or viaduct of the plaintiff without their permission in writing first had and obtained." Q. conveyed the premises without changing these conditions, and his grantee violated the covenant by building within the prohibited ten feet. The railway company commenced an action to compel the pulling down of the buildings erected in violation of the covenant and to restrain the further violation thereof. The court held that as to that covenant that he, the covenantor, meant to pledge his assigns equally with himself not to commit the breach.

No reason is given for this conclusion, but it is obvious that this was a correct interpretation of the covenant in that case. The covenantees were the grantors of the very land to which the covenant related. The covenantors were the grantees of that land. It was evidently their intention to make a covenant running with the land which should, in some respects, restrict the use of a portion of the land conveyed adjacent to the railway of the grantors, and this restriction was embraced in the very source of the title of the violator of the covenant. There was the evident intent to make ten feet of the land conveyed subservient to the adjacent railway for the benefit of such railway. This intent was plain and unmistakable, and being contained in the very source of title there was no hardship in its enforcement.

In the case at bar the position of the parties is very different, and it should require a very clear case to make the owner of lot No. 22 liable for the violation of a covenant contained in a deed of lot No. 24, of which he could have no actual notice, but of which he had constructive notice by the record of the deed of lot No. 24.

We are of the opinion, therefore, that no violation of the covenant in question was established, and that the judgment must be

reversed and a new trial ordered, with costs to the appellant to abide the event.

BARTLETT and MACOMBER, J. J., concurred.

Judgment reversed, new trial ordered, costs to appellant, to abide event.