Judge Wright
delivered the opinion of the court:
The first question which arises in this case is: Has this court jurisdiction of the subject of the bill? Courts of equity exercise-jurisdiction in cases of.perpresture and nuisance; of encroachments upon the public rights, as upon highways, rivers, and streets of towns. This, though not of very frequent occurrence, is undoubtedly within the equity power of the court, and founded on the right to restrain the doing of any act, from which irreparable-damage to individuals or great public injury would ensue. Eden on Inj. 157; 3 Atk. 751; Redes. Tr. 117.
Within the legitimate exercise of this jurisdiction, the following classes of cases will fall:
1. Those acts which injure the rights of the whole public, sovereign or state.
2. Those tending to injure the common rights of smaller communities, as the citizens of counties, cities, or towns.
3. Those affecting the rights of corporations, or evidencing the neglect by corporations to perform duties which are connected with the public convenience.
To the second of these classes the case in hearing is referable. To the first class we should refer threats of irreparable injury or destruction to public property or institutions. The case in 3 Rand. 63, relied upon by defendants’ counsel, does not go to the length supposed. It sheds but little light upon the question. The complainant in that case sought to restrain the leveling of a street in Middleburg, Loudon county, because it would endanger the foundation of his house, etc. The judge says it is not the province-of a court of equity to remedy abuses merely public, and dismissed the bill, because the complaint there was not of an injury of a private nature. Without deeming it necessary in this case - *172 to go further, we *are of opinion that, in a proper case, this • court can restrain from the commission of irreparable injury to •public property.
The next question which presents itself to our consideration is, ■whether the supervisor of highways is authorized to commence • and prosecute writs of this character ? If we look to the legislative enactments on this subject, we find the supervisor intrusted ■with the duties of keeping open and in repair roads and highways within the district assigned to him, and empowered to appropriate materials from the adjoining lands, to direct the labor on the roads, and appropriate the taxes. To protect him in the perform.ance of his duties,' penalties are enacted against those who obstruct the roads, interrupt his acts, or refuse to obey him; and it is made his duty to sue in his own name to recover these penalties. The law defines with considerable particularity his duties, ■but it nowhere authorizes him to exercise a general control or supervision over the interest of his district or county, or control the general and public interest. It can not be successfully maintained that he derives power to conduct suits of this nature by express legislative provision, and we incline to the opinion that the ■effort to sustain the right from analogy will be equally fruitless. Suits to prevent the infraction of rights purely public are generally commenced and conducted in the name of the state or the officer intrusted with the conduct of public suits. Eden on Inj. 162; Ambl. 158; 3 Atk. 757; The King v. Governor, 2 Stark. N. P. C. .511; Attorney-General v. Philphot, Ahst. 609 ; Same v. Richards, .2 Anst. 603; Same v. Richards, 2 Wils. Ch. 87; Same v. Utica Insurance Co., 2 Johns. Ch. 371; When the rights of smaller communities are infracted or threatened, eases have been prosecuted in the corporate name of the smaller community, as in The Mayor, etc., of London v. Balt, 5 Yes. 29; and Mayor, etc. v. Pamberton, .5 Swans. 244. It is not necessary to pursue this subject, or to determine now how such suits should be brought; it is sufficient to ;say that we are of opinion the supervisor of highways has no authority, as such, to commence and conduct prosecutions of this kind in his own name. The individual complainant has no such inter-est in or connection with the ^subject of this bill as to entitle him, as such, to the relief prayed for. It follows that the injunction asked can not be granted on this application. In com-i-ing to this conclusion, we do not deem it necessary to determina *173 whether, in any other form, the injury complained of or apprehended in this bill would support an injunction. And this opinion supersedes the necessity of discussing further the points-raised in this case.
The demurrer is well taken. The injunction must be dissolved,, and the bill dismissed at the costs of the complainant.