TOWN OF BURLINGTON *vs.* GEORGE SCHWARZMAN.

Where a public way is obstructed by a fence set across the traveled path, though easily removable, and a continuance of such obstruction is threatened, an injunction will lie against the party making the obstruction.

The liability of a town for an injury received by a traveler from such obstruction gives it a sufficient interest to make it a proper party to bring a suit for the injunction.

[Argued June 27th—decided June 30th, 1884.]

SUIT for an injunction against the obstruction of a highway; brought to the Court of Common Pleas for Hartford County, and heard before *Calhoun, J.* Facts found and injunction granted. Appeal by the defendants. The case is sufficiently stated in the opinion.

*W. W. Perry,* for the appellant.

*E. Johnson* and *S. O. Prentice,* for the appellees.

LOOMIS, J. This is an appeal from a judgment of the Court of Common Pleas restraining the defendant, by injunction, from fencing in and obstructing a public highway.

The first ground of appeal is, that the town is not the proper party plaintiff. It is contended that highways are mere public easements which belong to the general rather than the local public, and, therefore, that the town, as such, has no interest sufficient to maintain the suit. The defendant fortifies this position by the following citation from High on Injunctions, § 756: "The simplest and most generally accepted test in determining whether one is a proper party complainant to a bill for an injunction is, whether he possesses a legal or equitable interest in the subject matter of the controversy." This would seem to be in point, but it would have more weight as applicable to the case at bar, were it not that the section

Town of Burlington *v.* Schwarzman.

immediately preceding in the same treatise says: "The corporate authorities of a town are proper parties to enjoin a public nuisance. Thus, the erection of buildings upon a public square which has been dedicated as such to the use of the inhabitants of a town, constitutes a public nuisance which may be enjoined by the corporate authorities." It is obvious that the test mentioned was never intended for universal application. It needs, at least, this qualification, that where the threatened act is one involving corporate responsibility, the town so responsible may resort to this preventive remedy by injunction, upon the same principle as if the legal or equitable title to the subject matter was in the town; or, perhaps, the rule given by the learned author needs no other qualification than such a liberal construction of the terms "legal or equitable interest" as would include corporate responsibility.

But the defendant also applies to the case another test, which, he argues, is fatal to the plaintiff's right to bring the suit. This is found in section 783 of Wood on Nuisances. It is there stated that "unless the party injuriously affected could maintain an action at law, he cannot maintain a bill for an injunction." This cannot be necessarily the case, for the jurisdiction of a court of equity is far more extensive than that of a court of law. It is the very fact that a court of law cannot afford ample redress for all injuries, or even any redress for some, that called courts of equity into existence; hence, when a right is violated, even though it is a merely equitable right, which a court of law could not redress, equity will interfere.

Our conclusion is that the liability of the town to pay damages in case a person is injured by the obstruction is a sufficient interest to enable it to appear as plaintiff in a complaint in equity to prevent the threatened obstruction; and if this position needs further confirmation it may be found in the cases of *City of New Haven* v. *Sargent*, 38 Conn., 50, *Derby* v. *Alling*, 40 Conn., 410, *Trustees of Watertown* v. *Cowen*, 4 Paige, 510, and *Mayor, &c., of London* v. *Bolt*, 5 Ves., 129.

2. The defendant's next claim is, that if the plaintiff is the proper party no case is shown for equitable relief. The facts upon which the claim is based are the temporary character of the obstruction, the fact that it might have been removed easily, even by a traveler, and that a public prosecution might have been instituted or a civil action brought by one injured against the defendant.

The defendant cites in support of the proposition *Bunnell's Appeal*, 69 Penn. St., 62. It is said in the opinion "that where a mere wall of stone and timber was built across the road—a mere barricade temporary in character and easily and inexpensively removed, a remedy by injunction should be refused." This isolated passage comes fully up to the claim made in this case, but the actual decision falls far short of it; which was, not that an injunction should be permanently refused, but only temporarily, till after a trial at law; for the opinion proceeds immediately to say—" This is not the ordinary case, which was evidently in the mind of the learned judge," (referring to the court below that had granted the injunction,) "of an old and long known road. * * * But here the facts that the road was never opened throughout its entire length * * * that the surveys lately made had no reliable beginning or ending point, and that the route has been disputed many years, are all reasons to lead a chancellor to doubt, and to send the case to a jury, while the obstruction complained of is but an unimportant barricade made to contest the right, and not a permanent or valuable erection or likely to produce irreparable injury." All these elements of doubt rendered it very proper to send the case to a jury for trial before determining the question as to an injunction.

It is quite possible that the Pennsylvania courts would go to the length indicated in the passage from the opinion relied upon by the defendant, for it must be conceded that there is considerable contrariety of decision in regard to the nature of the threatened act or exigency which will constitute such an irreparable injury as to justify the remedy

by injunction.    But as this branch of equity has been
administered in this state, we cannot doubt that the facts
of the case at bar lay an adequate foundation for an injunc-
tion.

Were the way merely a private one, thus wrongfully
obstructed and threatened, we think our courts would not
hesitate to enforce the remedy upon the ground of prevent-
ing a recurring grievance and a multiplicity of suits.    But
its being a public way and the act a public nuisance makes
the case in our judgment vastly stronger ; many people are
exposed to great annoyance and injury and may have occa-
sion to bring many suits.    Moreover, the act complained of
is one that denies the existence and defeats all the purposes
of a public highway.    Consequently the injury to the high-
way as such may well be termed irreparable.    All remedies
other than by injunction would be tardy, uncertain and
imperfect; that would be speedy, complete and every way
effective.    As to the remedy by injunction, we like the
reasoning of BREESE, C. J., in giving the opinion of the
court in *Craig* v. *The People*, 47 Ill., 496 ; although it refers
to a more important highway than the one now in question,
yet the underlying principle as to the nature of the remedy
would be the same in both cases.    The judge says : " It is
true an action at law would lie against these appellants,
should they obstruct the road. * * * But this remedy
* * * would not only be tardy but wholly inadequate.
Intercourse between settled portions of the county and the
county seat would be almost wholly interrupted, the citi-
zens put to great inconvenience and injuries inflicted, which
though in particular cases might be trifling, yet in the
aggregate would be too grievous to be borne.    It would be
a monstrous public nuisance, to prevent which full power is
lodged in a court of chancery by calling into exercise its
restraining power.    With that powerful arm the whole
wrong can be at once grasped and the injury prevented."

3. The only remaining question is, whether the court erred
in holding that the road in question was a public highway by
dedication.    The finding places this part of the case beyond

the realm of doubt and renders discussion unnecessary. It shows the existence of every essential element of a complete dedication by the owner as and for a public highway, and a corresponding acceptance on the part of the public by an unquestioned and uninterrupted use for the period of thirty-two years. It is also found that the way thus used is required by common convenience and necessity.

There was no error in the judgment complained of.

In this opinion the other judges concurred.