NEWCASTLE *v.* HAYWOOD & a.

Ordinarily an injunction will not be granted against an alleged obstruction of a highway until the question of right is determined at law.

BILL IN EQUITY, alleging that there is a public highway in the plaintiff town leading to a public landing on the Piscataqua

river; that the defendants built a fence across the highway so as to interrupt the public travel to and from the landing; and that the proper officers of the town removed the fence, whereupon the defendants immediately replaced it. The prayer of the bill is, that the defendants may be restrained from maintaining and keeping a fence across the highway. The defendants demur. The case was referred to a referee, who, without ruling on the demurrer, found the following facts : The highway and landing exist as set forth in the bill. The defendant Dolly F. Haywood is the owner of a lot of land on the southerly side of the highway, and in order to use it it is necessary to fence against the highway. The defendant Thomas Haywood, acting for the other defendant, built a fence along the northerly line of said land against the highway, and in so doing obstructed a portion of the highway in such a manner as to prevent travellers on the same from having access to the landing. It was more convenient and less expensive to the defendants to so locate the fence, than it would have been to put it nearer the landing or at some other point upon Dolly F. Haywood's land. Soon after the erection of the fence the officers of the town notified the defendants to remove it, and upon their refusal to do so the selectmen of the town removed it. Upon the following day the defendants replaced it, and stated that they were going to keep it there. The selectmen again removed it, and the defendants again replaced it.

*Frink & Batchelder*, for the plaintiffs.

*Calvin Page*, for the defendants.

*Per Curiam.** The facts found by the referee do not show that the plaintiffs or the public suffer irreparable damage by reason of the existence of the fence in the highway, or that there is such danger of mischief on that account as to bring the case within any rule of equity jurisdiction, before the establishment of the plaintiffs' right in a suit at law. It not appearing that the remedy at law is inadequate, equitable relief must be denied. *Bassett* v. *Company*, 47 N. H. 426, 438 ; *Dana* v. *Craddock*, 66 N. H. 593. If the defendants had placed a boom across the mouth of the Piscataqua river, or had totally or dangerously obstructed constant travel through the main street of the town, there would have been occasion for a temporary injunction, and any procedure necessary for the correction of such a grievous infringement of public right and the ensuing irreparable injury. There is adequate remedy for the violation of legal rights. *Boody* v. *Watson*, 64 N. H. 162, 171. The only ground on which an injunction could be decreed in this case would be the inadequacy of the remedy at law. That

* See foot-note on page 80.

ground failing, the bill must be dismissed. If *Burlington* v. *Schwarzman,* 52 Conn. 181, sustains the plaintiffs' contention, it merely shows that a more extensive equity jurisdiction exists there than has been understood to obtain in this state.

*Bill dismissed.*

CHASE, J., did not sit: the others concurred.