[No. 3373. Decided January 26, 1900.]

A. J. ROUNDS, *Appellant,* v. WHATCOM COUNTY, *Respondent.*

COUNTIES—PUBLIC IMPROVEMENTS—ROAD CONSTRUCTION—TAKING BOND FROM CONTRACTOR.

Gen. Stat. §§ 2415, 2416, providing a right of action in favor of laborers and material men against counties and municipal corporations, in case they do not exact a bond from contractors upon public works for the protection of such parties, is applicable to contracts by a county for road improvements, under Laws 1893, p. 301, although the county may be liable for only one-third of the cost of constructing the road and the balance of cost is assessable against abutting property.

Appeal from Superior Court, Whatcom County.—Hon. HIRAM E. HADLEY, Judge. Reversed.

*Jere Neterer* and *O. P. Brown,* for appellant.

*A. E. Mead,* Prosecuting Attorney, and *Newman & Howard,* for respondent.

The opinion of the court was delivered by

GORDON, C. J.—Plaintiff appeals from an order and judgment of the superior court of Whatcom county sus-

taining a demurrer to his complaint. The question presented for determination is the liability of a county to laborers and material-men on failure to take a bond from the contractor as provided by § 2415, 1 Hill's Code, upon a contract for road improvement under the act of March 15, 1893 (Session Laws 1893, p. 301).

Section 2415 is as follows:

"Whenever the board of county commissioners of any county of this state, or the mayor and common council of any incorporated city or town, or the tribunal transacting the business of any municipal corporation, shall contract with any person or persons to do any work of any character which, if performed for an individual, a right of lien would exist under the law, or make any improvement for such county, incorporated city or town, or other municipal corporation, such board of county commissioners or mayor and common council of any incorporated town or city, or tribunal transacting the business of any other municipal corporation, shall take from the person with whom such contract is made a good and sufficient bond, with two or more sureties, who shall justify as bail upon arrest, which bond shall be conditioned that such person shall pay all laborers, mechanics, and material-men, and persons who shall supply such contractor with provisions or goods of any kind, all just debts due to such persons or to any person to whom any part of such work is given, incurred in carrying on such work; which bond shall be filed by such board, or mayor and common council or other tribunal, in the office of the county auditor, in the county where such work is to be performed or improvement made."

It is urged by the respondent that in letting contracts for the construction and improvement of public roads and highways, as provided under ch. 123, Session Laws 1893, *supra,* the county board of commissioners and the board of construction (which is appointed by the commissioners) are not the agents of their county, but merely statutory agents under a statute specially conferring that power upon them, and that the county cannot be held liable for

their omission or neglect. In support of this position a great many cases have been cited. The cases from this court which are cited deserve special notice. The first is *Clough v. Spokane,* 7 Wash. 279 (34 Pac. 934), in which it was held that, where a city is grading and improving streets at the exclusive cost and expense of the abutting property, it is not required to take the bond provided by § 2415, *supra.* But an examination of that case discloses that the reason for the holding is not because the city authorities are merely statutory agents, but because it was ruled that no right of lien existed for work of that character when performed for a private individual. *Sears v. Williams,* 9 Wash. 428 (37 Pac. 665), presented a similar question, and neither of these cases is analogous to the case at bar.

In *Wallace v. Skagit County,* 8 Wash. 457 (36 Pac. 252), this court held that the construction of a local ditch, the cost of which was payable solely by the district benefited, was not such a county improvement as required the commissioners to take a bond. It was there held that the construction of such a ditch was not a county improvement, but a purely local one, and that the commissioners acted as the statutory agents of the improvers. We do not care to extend the doctrine of that case beyond what was there decided, but the present case is easily distinguishable from that one. The improvement in the present case was something more than a merely local improvement for the benefit of a particular district. It was a county improvement in the broadest sense of that term. The sole authority to build county roads, under our law, rests in the county commissioners of the various counties and in the boards of construction which they are authorized to appoint. These roads are under their management, supervision, and control (§§ 3767, 3768, 3807, 3820, 3821, Bal. Code), and it is their duty to maintain and repair them,

and the county is liable for personal injuries resulting from a defective highway. *Kirtley v. Spokane County,* 20 Wash. 111 (54 Pac. 936).

In *Seanor v. County Commissioners,* 13 Wash. 48 (42 Pac. 552), a case involving the constitutionality of the road law (ch. 123, Session Laws 1893), it was said:

" This improvement is not for a city purpose or for a town purpose, but it is for a county purpose. It is still a county road, although it may traverse a city or town, . . ."

In *German-American Savings Bank v. Spokane,* 17 Wash. 315 (49 Pac. 542, 38 L. R. A. 259), we held that, where the cost of street improvement was to be paid out of a special fund raised by the city by assessment upon the property benefited, there could be no recovery against the city for failure to cause such fund to be raised; and to the same effect was the holding in *Wilson v. Aberdeen,* 19 Wash. 89 (52 Pac. 524). But these cases are not applicable—First, because they were strictly local improvements, made exclusively at the cost of the abutting property; second, as was pointed out in the *German-American Savings Bank v. Spokane, supra,* the contractor, or parties holding warrants issued to the contractor, could have resorted to mandamus for the purpose of compelling the proper officers to proceed with the collection of the assessment. This was considered to be an adequate remedy, but that remedy would be wholly unavailable to laborers and material-men in cases like the present. The purpose of § 2415 is to afford security to laborers and material-men engaged in the prosecution of a public improvement. Manifestly, they would have no standing in proceedings in mandamus to compel the county board to accept a bond. It is inconceivable that they would have any standing until after the contract between the county and their principal was executed, because, until executed, it is difficult to

understand how they could perform any labor or furnish any material under it. And the spectacle of a contractor resorting to mandamus to compel the county to exact from him a bond would be novel indeed.

It is further urged that, inasmuch as under the road law of 1893 the county is only made liable for one-third of the cost of constructing this road, it would be inconsistent to hold that the failure of the officers to take a bond created any greater liability; that this would be to permit by indirection what could not be directly done. But it would have been entirely competent for the legislature to have made the county liable for the entire cost of the improvement, and this, we must conclude, is the result which follows the failure on the part of these boards to comply with the statutory requirement exacting a bond. The purpose of the statute is perfectly plain. The legislature has said in unmistakable English that when such boards contract with a person, or do work of a character which, if done for an individual, would entitle such person to a lien, that they shall take a bond, etc., and the following section, viz., § 2416, gives a right of action against the county for a failure to take such bond. There ought not to be much difficulty in determining a case of this character, if consideration is to be given to the language employed by the legislature and the purpose of the enactment.

While we think that this court has, in some of the cases above noticed, gone to the limit in restricting the operation of the statute, it is nevertheless believed that upon no principle adjudged in any of these cases can the order and judgment appealed from be affirmed. The ruling of the lower court is opposed to the letter, and, as we think, to the spirit of the statute, and while much may be found in cases from other jurisdictions, notably Indiana, to support it, still we are not satisfied that counties and municipal corporations in those jurisdictions occupy the same po-

sition under their general laws that they do under ours, and, if mistaken in this, we must nevertheless decline to follow those cases. The statute creates the duty and fixes the measure of its nonfulfillment. It is not assailed upon any constitutional ground, and the plaintiff has brought his case within its provisions.

The judgment and order appealed from must be reversed.

DUNBAR, FULLERTON and REAVIS, JJ., concur.