## INJURIES TO PUBLIC HIGHWAYS.

[Circuit Court of Trumbull County.]

BOARD OF COUNTY COMMISSIONERS OF TRUMBULL COUNTY V. PENNSYLVANIA COMPANY.

Decided, February Term, 1903.

*Highways—Obstructions in and Injuries to—County Commissioners Can Not Enjoin—The Remedy—Section 863—Damages—Injunction.*

County commissioners have only such jurisdiction over public highways as is provided by statute, and are without power to maintain a suit to·enjoin injury to a county road; their remedy is in an action for damages, under the provisions of Section 863.

COOK, J.; LAUBIE, J., and BURROWS, J., concur.

Heard on appeal.

The action of plaintiff is to obtain an injunction against defendant to restrain it from wrongfully causing water to flow from its right of way upon the county road. There is no doubt from the testimony but that the defendant by recently making a deep cut upon its right of way is draining a much larger amount of land than previously and that the accumulated water, large in quantity, is permitted to run upon the public highway with great force, causing deep cuts and holes in the road and at times overflowing it and making it impassable. It further appears by the evidence that the defendant has a practicable and indeed convenient manner, with little expense, of running this accumulated water along it's own right of way a short distance to a natural water course, and by so doing avoid all injury to the road.

Under these circumstances has the plaintiff the right to maintain its action for an injunction? We think not.

Public highways belong to the state and are under its control and boards of county commissioners have only such jurisdiction over them as is provided by statute (*Commissioners of Gallia County* v. *Holcomb*, 7 Ohio [pt. 1], 232; *Raynolds* v. *Cleveland*, 24 O. C. C., 215). In the former case it was held:

"The commissioners ·of the county can not maintain an action in their capacity as commissioners against individuals who may carelessly or willfully destroy roads or bridges."

And in the latter case it is held:

"Municipal corporations have no inherent power to regulate and control streets therein, for streets and highways belonging to the state are under its control."

Obstructions in public highways and injuries to the same constitute a nuisance, and full power is conferred upon the state by its attorney-general on his own behalf, or upon the relation of a party in interest, to invoke the equity powers of the court to have such obstructions removed or the injuries repaired and the highway restored to its former condition of usefulness (*Little Miami Ry. Co.* v. *Greene Co.* [*Comrs.*], 31 Ohio St., 338; *State* v. *Railway Co.*, 36 Ohio St., 434). In the latter case, White, J., in delivering the opinion, says:

"That courts of equity exercise jurisdiction in cases of purpresture and nuisance, of encroachments upon the public rights, as upon highways, rivers, and streets of towns, is well settled. The jurisdiction is predicated upon the broad ground of preventing irreparable injury, interminable litigation, a multiplicity of suits, and the protection of rights (*Putnam* v. *Valentine*, 5 Ohio, 187; Law of Nuisance, by Wood, Section 769, and notes). Under the system of equity pleading prior to the adoption of the code, the proper remedy in cases of nuisances purely public was by information or bill in the name of the attorney-general, or of the government, instituted by him (Law of Nuisance, *supra*, Section 811; Story Eq. Jur., Section 923; Story Eq. Pl., Section 8). That the attorney-general was authorized to institute such suits in behalf of the public is abundantly shown by the authorities (*Attorney-General* v. *Johnson, Mayor, Commonalty and Citizens of London*, Wilson Ch. Reports, Vol. 2, pt. 1, p. 87; *People* v. *Vanderbilt*, 26 N. Y., 287; *People* v. *Davidson*, 30 Cal., 379; *Attorney-General* v. *Stewart*, 21 N. J. Eq., 340; *Attorney-General* v. *Forbes*, 2 Mylne & C., 123). When the suit did not immediately concern the rights of the crown or government, its officers depended on the relation of some person whose name was inserted in the information as the relator. A relator, however, in such cases was by no means indispensable."

It is claimed however that the act of March 7, 1873 (Section 863, Rev. Stat.), affords such right of action for an injunction. The purpose of this act was to furnish an additional remedy to that possessed by the state in cases of injuries to public highways,

and, being such additional remedy, it must appear from the wording of the act, or at least by a fair intendment, that the remedy by injunction already possessed by the state is given to the board of county commissioners.

The act provides when any injury is done to a county road, "rendering the same less convenient or useful than it had been previously, by any person or corporation, such person or corporation shall be subject to an action for damages, and the board of commissioners of the proper county is authorized to sue for and recover of such person or corporation so causing or having caused such injury or impairment such damages as have occurred by reason thereof, or such as are necessary to remove the obstruction or repair the injury."

It will be observed that by the express provision of the act the remedy furnished the commissioners is an "action for damages," for a money judgment, and the parties no doubt would be entitled to a trial by jury. Furthermore the act furnishes an adequate and complete remedy by such action at law. Not only does it provide for the removal of the obstruction and repairment of the injury, but further injuries may be provided against by such order as the court may make. It therefore furnishes a final remedy and prevents multiplicity of suits as effectually as a court of equity could do by injunction. The act sets forth:

"The money so recovered shall, when so collected by the proper officer, be paid into the treasury of the proper county and shall be appropriated by the commissioners thereof in repairing such bridge, building or road or removing such obstruction as the case may be, or to reimburse the county for expenditures in that behalf; and the court may in case of recovery make such order as is deemed necessary to repair the injury or remove the obstruction complained of."

In this case there can be no doubt but that upon a recovery of a money judgment the commissioners would not only have the right to repair the road out of the money recovered, but that the court would have the power to require the defendant company, by proper order, not to wrongfully permit the water to flow from its right of way upon the road in such manner as to injure it and impair its usefulness. In *State* v. *Railway Company, supra,* in the opinion on page 442, it is said:

"Counsel for defendant relies on the act of March 7, 1873 (70 O. L., 53), amending the act establishing boards of county commissioners, as furnishing the only remedy in cases of the obstruction of a state or county road. That act authorizes an action to be brought to recover damages by the county commissioners. We regard the act as merely cumulative and not in any way affecting the right of the state to maintain the present action (*Darling* v. *Peck,* 15 Ohio, 71; *People* v. *Vanderbilt,* 26 N. Y., 294, 295)."

*State* v. *Railway Co. supra,* as we have seen, was a suit on behalf of the state for an injunction to restrain the railroad company from injuring a public highway.

Petition of plaintiff is dismissed at its cost.

*E. E. Roberts,* for plaintiff.

*H. E. Stewart* and *J. R. Carey,* for defendant.