[No. 4997.  Decided April 6, 1904.]

JOHN F. MILLER et al., Appellants, v. PIERCE COUNTY et al., Respondents.[1]

HIGHWAYS—OBSTRUCTIONS BY ABUTTER TO GAIN ACCESS TO PREMISES—COMPLAINT TO ENJOIN REMOVAL—SUFFICIENCY. The owner of property abutting upon a public highway filled across tide lands, who has erected a building on his abutting property, flush with the street, and four feet higher than a bicycle path constructed on that side of the street, has no right to build a sidewalk from his property over said bicycle path, with inclines accommodating the use of the bicycle path to said sidewalk; since said sidewalk is clearly an unlawful obstruction to the free use of the path, the abutter's easement of access being a right which must be exercised so as to accomodate his property to the equal use of the street, which is under the exclusive control of the county commissioners; and a complaint to enjoin the commissioners from removing the obstruction is demurrable.

Appeal from a judgment of the superior court for Pierce county, Snell, J., entered November 5, 1903, dismissing the action upon sustaining a demurrer to the complaint. Affirmed.

*John C. Stallcup* and *J. W. A. Nichols,* for appellants.

*F. Campbell* and *C. O. Bates,* for respondents.

[1]Reported in 76 Pac. 103.

MOUNT, J.—This action was brought by the plaintiffs to restrain the defendants from removing an obstruction in a public highway. The lower court sustained a demurrer to the complaint. Plaintiffs elected to stand upon their complaint, and the action was dismissed. From this order they appeal.

The allegations of the complaint, omitting the formal parts, are as follows:

" (1)   That the said Kandle, Winchester and Mead are now and for more than one-half year last past have been the acting and qualified commissioners of said county of Pierce; that said county is a duly organized county of said state.   (2)   That the said plaintiffs are now and for more than one year last past have been the owners seized and possessed of the lots numbered 21 and 22, in block numbered 7446 in the Indian Addition to the city of Tacoma. (3)   That said addition is just outside of and adjoining the limits of the said city of Tacoma; that the said map or plat thereof was duly filed by the Puyallup Indian commissioners in the month of October, A. D. 1894, and then duly approved by the then county commissioners of the county of Pierce.   That the said city of Tacoma has grown out to and over the said addition so that the same is now in all respects and all practical ways a part of the city of Tacoma, with like lots, streets and alleys and residence and business buildings thereon.   (4) That plaintiffs' said lots are situated at the corner of Bay street and Q street, are each twenty-five feet in width and front on said Bay street, which street has been filled so as to make the middle fifty feet thereof about four feet higher than the land and lots on either side thereof—the said land thereabouts being level and overflowed by the rise of the tide from the water of Puget sound.   (5)   That a bicycle path has been constructed along and on the same side of said Bay street upon which plaintiffs' said lots are situated, close up to the line of his said lots, and at an elevation of about fifteen inches above the natural level or surface there, with a wide, deep ditch excavated along said Bay street between said

bicycle path and said elevated portion of said street. (6) That during the last past sixty days plaintiffs have erected a large building upon said two lots and built the same flush to the street line on said streets. That said building is just now completed, is two stories high and is constructed and arranged for a dwelling or lodging house, and two business rooms therein, one for a grocery and the other for a meat market, and fronting upon said Bay street. And in order to be up and out of the water and flow of the tide there, said building was constructed on an elevated foundation on a level with said Bay street as the same has been filled, and in front of their said building and over said bicycle path constructed a sidewalk of heavy planks, being about ten feet in width, and intend to cover said ditch with heavy planks out to said street, so that ingress and egress may be had to and from said building. That in order not to interfere with the use of the said bicycle path, plaintiffs have constructed an incline at each end of their said sidewalk, with safeguards at each side thereof in front of said sidewalk, so that the safety and enjoyment of said bicycle path is in no way impaired by said improvement. (7) That since the completion of said building and improvement, and after plaintiffs had rented said business rooms, and had mortgaged said premises for a loan of money, and before the said lessees had moved in and opened business, the said defendant commissioners have demanded of plaintiffs that they immediately remove said sidewalk, and upon failure so to do by plaintiffs, they will immediately cause the removal thereof by force. And so they threaten to do, and unless restrained will carry out their said threat; and they declare that they will allow nothing to be put upon or across said bicycle path or across said ditch so that plaintiffs may have access to their said property from said street. (8) Plaintiffs allege that if said sidewalk is removed it will destroy the use and value of their said building and leave it so that it will be unfit for occupancy for any purpose, and inaccessible from either of said public streets or at all, by reason of the said ditch and the tide water and other water there. (9) That plaintiffs are unable to protect their said property against the said

threatened destruction thereof by said commissioners, except by the orders and decree of this court; that there is such an emergency pressing in the premises that speedy action is necessary to prevent irreparable injury. Wherefore, plaintiffs pray for a temporary restraining order enjoining said defendants from removing said improvements until the further order or final decree of this court; and that upon the final hearing hereof the said defendants be perpetually enjoined from interfering in any way with said sidewalk or improvements around said building; and for such other and further relief as may be equitable and just in the premises. And for their costs and disbursements herein."

The demurrer is to the effect that the complaint fails to state a cause of action; that it shows upon its face that plaintiffs are trespassing upon the public highway, and have erected a structure therein, which partially obstructs such highway. The complaint shows, that the plaintiffs' lots abut upon the highway; that they have erected a large building flush to the line of said street; that the top of the foundation of the said building is about four feet higher than the surface of the street adjoining said lots, but on a level with the graded center of the street; that they have erected a sidewalk about ten feet in width in said street, and intend to continue the same out to the graded portion of the street, and that this sidewalk is built over a bicycle path constructed along the side of the street.

It will be readily seen that this sidewalk is an obstruction to the free use of the street, especially that portion of the street set apart for the use of bicycles. No permission or authority is shown for the construction of this walk by appellants. By the statutes the respondents are given general supervision over the roads in their county. They are required to keep them clear from obstructions and in good repair. §§ 3767-3770, Bal. Code. Respondents also have

the right to set aside and reserve a part of any public highway for the exclusive use of bicycles and pedestrians, and it is made a misdemeanor for any person to trespass upon, or wilfully obstruct, or damage, any bicycle path. §§ 3887-8, Bal. Code. It is also a misdemeanor for any person to in any manner obstruct any highway. § 7293, Bal. Code. The respondents will certainly not be enjoined from removing, or threatening to remove, an obstruction upon a public street. No argument is necessary to demonstrate the correctness of this position. It is made plain by the statutes above referred to.

Appellants, however, insist that they have a right to access upon the street and to and from their property, and that this "easement of access" is a right which is so far recognized as private property that not even the legislature may take it away without compensation. This may be true as a general rule, but when it is said that this easement of access is recognized as private property it is not meant that the abutting property owner owns any part of the highway, or has any right other than the right to go and come freely from his property to and upon the street. One owner of property abutting upon the highway has the same rights as another. There can be no difference in this respect. All are equal. If appellants' position is correct—that they may accommodate the street to the convenient use of their building, which is four feet above the surface of the street—his neighbor on his right may accommodate the street to the convenient use of a building which may be eight feet above the street. His neighbor on his left may require an excavation extending ten feet or even half way across the street. His neighbors across the street, having the same rights, may require similar structures more or less obstructing the highway. When all have accommo-

dated the street to the convenient use and occupation of their respective buildings, the highway may thereby become completely destroyed, both for the use of the general public and for those abutting thereon. This, of course, cannot be the rule; but it is the logical result of appellants' position. Under the statutes the respondents have entire control of the whole of the highway in question. Appellants simply own the right to go and come from their property upon the street. They must accommodate their property to the street lawfully constructed, and cannot be permitted to accommodate the street to the convenient use or occupation of their property without the permission of the proper authorities.

The judgment of the lower court was right, and is therefore affirmed.

FULLERTON, C. J., and HADLEY, DUNBAR, and ANDERS, JJ., concur.