[No. 5380.   Decided April 3, 1905.]

LINCOLN COUNTY, *Appellant,* v. CHARLES L. FISH, *Respondent.*[1]

COUNTIES — CAPACITY TO SUE — HIGHWAYS — OBSTRUCTION— ACTION TO ENJOIN—PARTIES. A county under the laws of this state has the legal capacity to maintain an action in its own name to enjoin the obstruction of a public highway; since the restriction specified in Bal. Code, § 5673, relates only to actions at law, and since actions on behalf of the county must, under Bal. Code, § 342, be brought in the name of the county.

SAME—ROAD SUPERVISORS—POWER TO BRING CIVIL SUIT—COUNTY COMMISSIONERS. A road supervisor, a local officer charged with the duty of keeping roads open for travel, under the direction of the county commissioners, and of making complaint in case of criminal violation of the road laws, has no power to institute a civil action on behalf of the county for the obstruction of a public road, since the county commissioners, as the business agents of the county, are the only officers authorized to institute such actions in the name of the county.

SAME—COUNTY'S RIGHT OF ACTION—DUTY TO KEEP HIGHWAYS IN REPAIR. The right of a county to maintain an action to enjoin the obstruction of a public highway, appropriately follows the county's duty to keep the highways in a safe condition and its liability for neglect of such duty.

Appeal from a judgment of the superior court for Lincoln county, Neal, J., entered June 1, 1904, dismissing an action to enjoin the obstruction of a public highway, upon sustaining a demurrer to the complaint.   Reversed.

*R. M. Dye,* for appellant.

*Joseph Sessions,* for respondent.

ROOT, J.—Appellant brought this action to enjoin respondent from obstructing a public highway by the erection of a fence across the same.   To the complaint, a de-

[1]Reported in 80 Pac. 435.

murrer was interposed and sustained, upon the ground "that the plaintiff has no capacity to sue." Appellant electing to stand upon its complaint, the action was dismissed. From the judgment of dismissal, appeal is taken to this court.

The sole question presented is as to the capacity of the county to maintain such an action in its corporate name. Respondent contends that a county can maintain an action in its corporate capacity, and in its name, only in the cases specified in § 5673 of Bal. Code. Said section is as follows:

"An action at law may be maintained by any county, incorporated town, school district, or other public corporation of like character in this state, in its corporate name, and upon a cause of action accruing to it, in its corporate character, and not otherwise, in either of the following cases: (1) Upon a contract made with such public corporation; (2) Upon a liability prescribed by law in favor of such public corporation; (3) To recover a penalty or forfeiture given to such public corporation; (4) To recover damages for an injury to the corporate rights of property of such public corporation.

We think respondent's position untenable. That section of the statute has to do with "actions at *law*," only. The case at bar is an action in *equity*. Section 265, Bal. Code, says:

"The several counties in this state shall have capacity as bodies corporate to sue and be sued in the manner prescribed by law; . . ."

Section 266 says:

"The name of a county, designated in the law creating it, is its corporate name, and it must be known and designated thereby in all actions and proceedings touching its corporate rights, property, and duties."

Subdivision 6 of § 342 (which enumerates the duties of the board of county commissioners) authorizes the board

"in the name of the county to prosecute and defend all actions for and against the county." We perceive nothing in these statutes bearing out respondent's contention, and are aware of no other so doing.

It is also maintained by respondent that, inasmuch as the statute requires the road supervisor to "keep all roads open for travel," he is the proper officer to bring an action of this character, and cites Laws 1901, p. 276, § 13. He also cites Bal. Code, § 7219, which provides that, "It shall be the duty of road supervisors to make complaint in all cases which shall come to their knowledge of a criminal violation of the laws relating to roads and highways." There is nothing in these statutes, or in any other, so far as we can ascertain, which, either expressly or by implication, vests any authority in the road supervisor to prosecute a civil action in behalf of the county, road district, or public.

Respondent, in support of his contention, cites the cases of *San Benito County v. Whitesides,* 51 Cal. 416, and *Hall v. Kauffman,* 106 Cal. 451, 39 Pac. 756, in one of which it was held that a county could not prosecute such an action, and in both of which it was held that the commissioner of highways or overseer was the proper party plaintiff in such a proceeding. But these decisions were based upon a section of the California Code expressly authorizing such commissioner or overseer to prosecute such actions. Hence they are not authority here. Our statutes impose certain duties, as to repairing and keeping roads open to travel, upon the road supervisors; but the statutes expressly provide that these duties are to be performed "under the direction of the county commissioners." The latter are the business agents of the county, and the only officers—except, perhaps, in certain special proceedings—authorized to bring actions on behalf of the county; and such actions are required to be in the name of the

county. Bal. Code, § 342. In the case of *Putnam v. Valentine,* 5 Ohio 187, it was urged that the road supervisor was the proper party plaintiff in a case of this character. In deciding against such contention the supreme court of Ohio, among other things, said:

"The law defines with considerable particularity his duties, but it nowhere authorizes him to exercise a general control or supervision over the interest of his district or county, or control the general and public interest. It cannot be successfully maintained that he derives power to conduct suits of this nature by express legislative provision, and we incline to the opinion that the effort to sustain the right from analogy will be equally fruitless."

To the same effect is the case of *Coykendall v. Durkee,* 13 Hun 260. The right of a municipality to maintain an action of this nature was questioned in the case of *Burlington v. Schwarzman,* 52 Conn. 181, 52 Am. Rep. 571. In passing upon the question, that court said:

"The first ground of appeal is, that the town is not the proper party plaintiff. . . . Our conclusion is that the liability of the town to pay damages in case a person is injured by the obstruction is a sufficient interest to enable it to appear as plaintiff in a complaint in equity to prevent the threatened obstruction; and if this position needs further confirmation it may be found in the cases of *City of New Haven v. Sargent,* 38 Conn. 50, 9 Am. Rep. 360, *Derby v. Alling,* 40 Conn. 410, *Trustees of Watertown v. Cowen,* 4 Paige 510, 27 Am. Dec. 80, and *Mayor etc. of London v. Bolt,* 5 Ves. 129."

In the case of *Jamestown v. Chicago etc. R. Co.,* 69 Wis. 648, 34 N. W. 728, the supreme court of Wisconsin, speaking of the power of a town to prosecute this character of a suit, said:

"Towns in this state are responsible for the construction and repair of all highways within their limits. They are liable for damages to travelers occasioned by obstruc-

tions and defects, and they should have legal remedies commensurate in some degree to their liability."

In *County of Stearns v. St. Cloud etc. R. Co.*, 36 Minn. 425, 32 N. W. 91, the supreme court of Minnesota said:

"The county has a special interest in the preservation of county roads, which should enable it to maintain proper preventive or remedial actions for the preservation and usefulness of the highway."

In 20 Ency. Plead. & Prac., p. 936, the author says:

"A suit in equity to enjoin or abate a public nuisance, caused by the obstruction of a street or highway, may be brought by the attorney-general in the name of the people, or by a county, town, city, or village in its corporate capacity; but it is generally held that highway officers have no authority, as such, to maintain actions of this nature in their own names."

See, also, *Township of Hutchinson v. Filk*, 44 Minn. 536, 47 N. W. 255.

The question was doubtless before the territorial supreme court in the case of *Moore v. Walla Walla*, 2 Wash. Ter. 184, 2 Pac. 187, although it is not expressly so stated. In that case the supreme court sustained the judgment of the trial court abating as a nuisance an obstruction to a public street. Among other things, the court said that the city in prosecuting the action "was acting for the public at large, and was, therefore, for the purposes of said suit, clothed with all the attributes of sovereignty." In *Yakima County v. Conrad*, 26 Wash. 155, 66 Pac. 411, this court sustained the judgment of the trial court in favor of plaintiff, in a case almost identical with the one at bar. However, the question of the county's capacity to sue does not appear to have been suggested. *Okanogan County v. Cheetham*, 37 Wash. 682, 80 Pac. 262, was a similar case. In the case of *Port Townsend v. Lewis*, 34 Wash. 413, 75 Pac. 982, this court held that a city of the

third class, under the statutes authorizing it "to sue and be sued" and "to establish, lay out, alter, keep open, open, widen, vacate, improve and repair streets," etc., was authorized to maintain an action in its corporate name to eject persons wrongfully in possession of one of its streets. In the case of *Miller v. Pierce County*, 34 Wash. 592, 76 Pac. 103, this court, speaking by Mount, J., said:

"By the statutes the respondents are given general supervision over the roads in their county. They are required to keep them clear from obstructions and in good repair. §§ 3767-3770, Bal. Code."

The liability of the county, in damages, for injuries occasioned by defective highways, is averred in *Kirkley v. Spokane County*, 20 Wash. 111, 54 Pac. 936. Upon both principle and authority, we are convinced that appellant is entitled to prosecute an action of this character. It being the duty of the county to keep its public highways passable and reasonably safe for travel, and being liable in damages for a neglect of that duty, it appropriately follows that the imposition of such obligation should be accompanied with the power and authority adequate to its effective performance. That the road supervisor of a given district, who is but a local officer acting under the directions of the commissioners, should be thought empowered to maintain such actions, thus involving expense to the entire county and invoking the exercise of its corporate and governmental functions, is a proposition not warranted by the statutes or by any consideration of public policy.

The judgment of the honorable superior court is reversed, and the cause remanded with instructions to overrule respondent's demurrer.

Mount, C. J., Dunbar, Rudkin, and Crow, JJ., concur.

Hadley and Fullerton, JJ., took no part.