[No. 13911.    Department Two.    June 22, 1917.]

JAMES R. ORROCK, *Respondent*, v. SOUTH MORAN TOWNSHIP
et al., *Appellants*.[1]

HIGHWAYS—DEFECTS—INJURIES—LIABILITY OF TOWNSHIPS.    Since
townships organized under Const., art. 11, § 4, are, by Rem. Code,
§§ 9322-9438, made bodies corporate, and vested with full control
over highways to the exclusion of the county proper, with power to
raise funds to keep them in repair, the township is liable for in-
juries caused by reason of the defective condition of its highways,
under Rem. Code, §§ 950, 951, making counties, incorporated towns,
school districts, and other public corporations, liable for "an injury
to the rights of the plaintiff arising from some act or omission" of
such public corporation.

STATUTES — TERRITORIAL LAWS — CONTINUATION BY CONSTITUTION.
The territorial act, Rem. Code, § 951, making public corporations
liable for torts, was continued in force by Const., art. 27, § 3, pro-
viding that all territorial laws not repugnant to the constitution
shall remain in force until they expire by their own limitation or
were altered or repealed by the legislature.                        ·

SAME—CONSTRUCTION—EXTENSION BY INFERENCE.    The territorial
act, Rem. Code, § 951, making public corporations liable for torts, is
extended by inference to include townships, subsequently recognized
as public corporations; since townships are a species of the genus
municipal corporations, recognized by the constitution and laws.

Appeal from a judgment of the superior court for Spo-
kane county; Sullivan, J., entered September 6, 1916, upon
the verdict of a jury rendered in favor of the plaintiff, in an
action for personal injuries sustained through a defective
highway.    Affirmed.

*John B. White, William C. Meyer*, and *Fred J. Cunning-
ham*, for appellants.        .

*Mark F. Mendenhall* and *Lloyd E. Gandy*, for respondent.

FULLERTON, J.—The plaintiff, James R. Orrock, received
personal injuries by reason of the defective condition of a
public highway upon which he was traveling.    The highway

[1]Reported in 165 Pac. 1096.

was outside of the corporate limits of any city or town, but was within the corporate limits of South Moran Township, Spokane county. He brought an action for damages, joining both the county and the township as defendants. The defendants filed separate demurrers, that of the township being overruled and that of the county sustained, and the action dismissed as to the latter. By leave of court, the defendant South Moran Township was permitted to file a special demurrer, as follows:

"Comes now the defendant, South Moran Township, a municipal corporation, and files a supplementary demurrer, specially demurring to the complaint of the plaintiff James R. Orrock on the grounds that the complaint does not state facts sufficient to constitute a cause of action against said defendant, for the reason that at common law a township corporation would not be liable for damages in such a cause of action, and could only be made liable therefor by the existence of some statute, and it will be contended upon the hearing of said demurrer, that there is no statute of the state of Washington making the said defendant liable as in said complaint alleged."

This demurrer was overruled, and the parties went to trial, which resulted in a verdict and judgment in favor of plaintiff. The defendant appeals, assigning as error the overruling of the special demurrer.

The statutes of this state, relating to actions by and against public corporations (Rem. Code), read as follows:

"§ 950.   An action at law may be maintained by any county, incorporated town, school district, or other public corporation of like character in this state, in its corporate name, and upon a cause of action accruing to it, in its corporate character, and not otherwise, in either of the following cases:

"(1)   Upon a contract made with such public corporation;

"(2)   Upon a liability prescribed by law in favor of such public corporation;

"(3)   To recover a penalty or forfeiture given to such public corporation;

"(4)    To recover damages for an injury to the corporate rights or property of such public corporation."

"§ 951.    An action may be maintained against a county, or other of the public corporations mentioned or described in the preceding section, either upon a contract made by such county or other public corporation in its corporate character, and within the scope of its authority, or for an injury to the rights of the plaintiff arising from some act or omission of such county or other public corporation."

In *Kirtley v. Spokane County*, 20 Wash. 111, 54 Pac. 936, we held, overruling a decision of the territorial court to the contrary, that, under these sections, a county was liable for injuries caused a traveler on the public highway by reason of the defective condition of a bridge.    The principle of the case has been since approved in numerous decisions.    *Lane v. Spokane Falls & N. R. Co.*, 21 Wash. 119, 57 Pac. 367, 75 Am. St. 821, 46 L. R. A. 153; *Rounds v. Whatcom County*, 22 Wash. 106, 60 Pac. 139; *Einseidler v. Whitman County*, 22 Wash. 388, 60 Pac. 1122; *Wendel v. Spokane County*, 27 Wash. 121, 67 Pac. 576, 91 Am. St. 825; *Lincoln County v. Fish*, 38 Wash. 105, 80 Pac. 435; *Redfield v. School District No. 3 of Kittitas County*, 48 Wash. 85, 92 Pac. 770; *Neel v. King County*, 53 Wash. 490, 102 Pac. 396; *Howard v. Tacoma School District No. 10*, 88 Wash. 167, 152 Pac. 1004.

Township organization was not known in this jurisdiction until the adoption of the state constitution.    By § 4, art. 11, of that instrument, it is provided that the legislature, by general laws, shall provide for township organization, under which any county may organize whenever a majority of the qualified electors of such county voting at a general election shall so determine.    The legislature first acted under the power in 1895 (Laws 1895, p. 472).    The act, with the subsequent amendments, is found in Rem. Code, at §§ 9322-9438. Spokane county organized under the act in 1908.    By the act, each township, when organized, becomes a body corporate with power to sue and be sued, to raise such sums of money

for the repairs and construction of roads and bridges as they deem necessary, to acquire land containing beds of gravel or quarries of stone needed by the township for road construction, to have the charge of all highways and bridges in the township and the care and supervision thereof, to establish new highways and bridges wholly within the township; and generally they are given such supervision over their internal domestic affairs as is usually conferred on public corporate municipalities.

The foregoing, while not an enumeration of all of the powers conferred on township organizations, is enough to show that such organizations, as minor units of the county, are vested with full control of the highways within their jurisdictions to the exclusion of the county proper, with power to raise sufficient funds to keep such highways in repair. Being charged with the duty, they are, of course, liable for injuries arising from a neglect of the duty, and the appellant township is holden for the injuries suffered by the respondent from the defective way, unless some special reason exists exempting it from liability. Here but one such reason is assigned. The appellant calls attention to the rule existing in this state to the effect that the state, or a *quasi* municipal corporation of the state, is not liable for its torts unless the statute expressly makes it so liable, and contends that there is no such statute. It argues that the statute above cited has no application because it was enacted in territorial days, long prior to the enactment of the statute creating township organizations, and long prior even to the adoption of the constitution which authorized such organizations. But without following the argument by which this contention is sought to be sustained, we think it untenable. By § 3, art. 27, of the constitution, all laws in force in the territory of Washington which were not repugnant to that instrument remained in force until they expired by their own limitation or were altered or repealed by the legislature. This statute was not repugnant to the constitution, nor has it since expired by its

own limitation, nor has it been altered or repealed by the legislature. It is, therefore, a part of the existing statutes, as much so as it would have been had it been an enactment of the state legislature. It is a well settled rule "that a statute may include by inference a case not originally contemplated, when it deals with a genus within which a new species is brought by a subsequent statute." *State v. Cleveland,* 83 Ohio St. 61, 93 N. E. 467; *People v. Kriesel,* 136 Mich. 80, 98 N. W. 850. And see notes to these cases in 21 Ann. Cas. 1284, and 4 Ann. Cas. 5.

Endlich, in his work on the Interpretation of Statutes, at § 112, says:

"Except in some few cases where a statute has fallen under the principle of excessively strict construction the language of a statute is generally extended to new things which were not known and could not have been contemplated by the legislature when it was passed. This occurs, when the act deals with a genus, and the thing which afterwards comes into existence is a species of it."

There is no question that township organizations are a species of the genus municipal incorporations, existing and recognized by the constitution and laws. As such, it is liable under the statute for its torts.

The judgment is affirmed.

ELLIS, C. J., MOUNT, PARKER, and HOLCOMB, JJ., concur.