[No. 14186.   Department Two.   February 8, 1918.]

JOHN NIPGES, *Respondent*, v. MOUNTAIN VIEW TOWNSHIP, *in Whatcom County, Appellant*.[1]

HIGHWAYS—DEFECTS—INJURIES—LIABILITY OF TOWNSHIPS. Since townships organized under Const., art. 11, § 4, are, by Rem. Code, §§ 9322-9438, made bodies corporate, and vested with full control over highways to the exclusion of the county proper, with power to raise funds to keep them in repair, the township is liable for injuries caused by reason of the defective condition of its highways, under Rem. Code, §§ 950, 951, making counties, incorporated towns, school districts, and other public corporations, liable for "an injury to the rights of the plaintiff arising from some act or omission" of such public corporation.

SAME—CONTRIBUTORY NEGLIGENCE—EVIDENCE—QUESTION FOR JURY. In an action for personal injuries sustained when plaintiff's wagon slipped into a hole in a highway, whether the use of insecure seats was contributory negligence presents a question of fact.

SAME—CONTRIBUTORY NEGLIGENCE—NOTICE OF DEFECT. The use of a highway with knowledge of a defect does not impute contributory negligence as a matter of law.

Appeal from a judgment of the superior court for Whatcom county, Hardin, J., entered January 2, 1917, upon findings in favor of the plaintiff, in an action for personal injuries sustained through a defective highway, tried to the court. Affirmed.

*W. P. Brown* and *Loomis Baldrey*, for appellant.

*Bixby & Nightingale*, for respondent.

MORRIS, J.—Respondent brought this action against the appellant township to recover damages claimed to have been sustained by him because of the failure to keep a township highway in a reasonably safe condition for public travel. On a trial before the court without a jury, respondent was awarded damages in the sum of $300, and the township appeals.

[1]Reported in 170 Pac. 560.

Two questions are presented.  The first is that a township is not liable for a defect in one of its highways, in the absence of any special statute imposing such a liability.  This question has lately been passed upon adversely to appellant's contention in *Orrock v. South Moran Township,* 97 Wash. 144, 165 Pac. 1096, where, after a review of the statutes of this state affecting such liability, it was held that township organizations are municipal corporations existing and recognized under and by virtue of the constitution and laws of this state, and as such are liable for their torts.

The second question urges contributory negligence on the part of respondent, first, because, at the time of the accident resulting in his injury, he was using an unsafe and insecure seat, from which he was thrown when his wagon slipped into the hole in the highway. This presents only a question of fact, upon which the finding is adverse to appellant's contention, and we find no evidence in the record to justify us in holding that the lower court was wrong in so finding.  Second, it is urged that respondent's knowledge of the defect complained of imputes contributory negligence to him as a matter of law.  Ever since *McQuillan v. Seattle,* 10 Wash. 464, 38 Pac. 1119, 45 Am. St. 799, we have held that knowledge of a defect in a highway and the use of it notwithstanding such knowledge are not of themselves negligence in law.  But it is a question of fact whether, knowing the dangerous condition, the injured person used care and caution commensurate with the necessities of the case.

Finding no error, the judgment is affirmed.

Ellis, C. J., Mount, Holcomb, and Chadwick, JJ., concur.