Argued November 17; reversed December 15, 1931; rehearing
denied January 12, 1932

# JOHNSON *v.* LADD
## (5 P. (2d) 1062)

*William P. Lord,* of Portland (Lord & Moulton, of
Portland, on the brief), for appellant.

*Frank S. Senn,* of Portland (Senn & Recken, of
Portland, on the brief), for respondent.

CAMPBELL, J. Plaintiff was employed as a cook
by the defendant. One day a week it was her duty to
relieve the nursemaid. Defendant was on a journey to
Europe and was away from his home for some con-

siderable time. Before leaving, he instructed plaintiff to take the children for an automobile ride in the automobile of defendant when suggested by Mr. Anderson, who was in the employ of the defendant as a gardener, and, to a certain extent, as a caretaker of the premises, in the absence of defendant. A certain Franklin car belonging to defendant was placed at the disposal of the gardener with the instructions that when he had occasion to use the car in connection with his duties, in getting supplies, etc., he was to take the plaintiff and the children along when it was convenient. That on April 8, 1927, the plaintiff, in obedience to the instructions so given by defendant, went for a ride and took the youngest child along with her in the car owned by defendant and driven by Anderson. That while returning from Portland to the home of defendant, plaintiff alleges that Anderson was negligent in the operation of the automobile; that he was driving too fast and failed to keep a proper lookout ahead; that in attempting to pass a motor truck which had signaled that it intended to turn to the left, he failed to notice said signal and was forced off the highway and ran the machine against a telephone pole injuring plaintiff. That by reason of the accident, her eyesight was impaired and her hearing rendered defective. That she was obliged to incur hospital and medical bills in the sum of $447.17, and that she was unable to perform any service for a long time. She alleges general damages in the sum of $20,000.

The defendant filed an answer admitting in effect that the accident had taken place in the manner specified in the complaint. For a further and separate answer, defendant set up the defense that plaintiff and said Anderson, who was driving the car, were fellow servants engaged in a common employment, and if

there was any negligence it was on the part of her fellow servant, Anderson. For a second separate answer and defense, he alleged a state of facts amounting to assumption of the risk on the part of plaintiff. For a third separate answer and defense, he alleged that there was another action pending between the same parties and over the same subject matter.

Plaintiff in her reply filed a general denial to the allegations in all of the separate answers.

On November 13, 1930, the case came on for trial before the court and jury. The plaintiff offered evidence tending to support the allegations of her complaint and tending to show that the chauffeur was an employee of defendant but had nothing to do with the cooking or the care of the children; that the trip in question was made by the chauffeur to get glass for a greenhouse. Plaintiff rested. Defendant thereupon moved the court for an involuntary non-suit which was granted. Plaintiff appeals.

The question to be determined in this case is: Were the plaintiff and Anderson, the driver of the car, fellow servants, under legal definition of that term, so that the doctrine of the negligence of a fellow servant and the assumption of the risk of such negligence would release the employer from liability.

It is contended by the defendant that whatever injuries the plaintiff received were due to the negligence of a fellow servant. It is admitted that there is evidence tending to show that the driver of the automobile was negligent; that the accident occurred by reason thereof; and that this negligence was the proximate cause of the injury sustained by plaintiff.

It is impossible to reconcile the decisions of the courts of the different states on this question. Innumer-

able cases are collected in the notes to the article on Master and Servant, 18 R. C. L. 741 et seq.; 39 C. J. 544 et seq. Neither is it possible to reconcile the definition of the different courts of last resort as to who are "fellow servants" and what is "common employment". There is a superabundance of authority either way.

"The case of *Farwell v. Railroad Company,* 4 Metcalf 49 [38 Am. Dec. 339], is usually regarded as the leading case in which the doctrine of fellow servants was first clearly enunciated and its principles engrafted into our law. The rule as there stated by the eminent judge who delivered the opinion is to the effect that all servants of the same master whose labors tend to the accomplishment of the same general purpose, and engaged in a common employment, are fellow servants, irrespective of their relative grade or rank * * *. This rule 'seems to ignore the generally accepted idea of vice-principalship, as it prevails in some of the other states, and treats all servants under the same control, who serve the same master, as fellow servants, notwithstanding one may stand in the master's place in relation to the other. And in Great Britain, until abrogated by the Employers Liability Act, the same principle was the settled law as declared by the highest judicial tribunal in that kingdom * * *." The later current of judicial decision, and it may be added of legislative action, indicates a marked departure from that rule, and a disposition to so limit and restrict it as shall make the master answerable for his just share of responsibility to his servant for injuries sustained in his employment. And although it may be said that the weight of adjudged cases is, that the relative grade or rank of the servant does not alter the relation of fellow servants, yet this principle has not always commanded universal recognition, but it has been criticized and denied, and a contrary view asserted by the courts of several of the states, and at least materially limited if not recognized and adopted by the Supreme Court of the United States.

"In *Railroad Company v. Kearney,* 3 Ohio State, 201, the court says; 'No service is common that does not admit a common participation, and no servants are fellow servants when one is placed in control over another.' In *Darrigan v. Railroad Company,* 52 Conn. 185, Carpenter, J., said: 'To make no discrimination, but in all cases to place those invested with authority to direct and control on the same footing with those whose duty it is merely to perform, as directed, without discretion and without responsibility, seem to us unwise and impolitic'." (Citing many cases.) *Anderson v. Bennett,* 16 Or. 515 (19 P. 765, 8 Am. St. Rep. 311).

█ To constitute one a vice-principal, the master must have committed to him the substantial control of the business, or a branch of it, and the power to do all acts necessary to its conduct. *Willis v. O. W. R. N. Co.,* 11 Or. 257 (4 P. 121).

██ A fair deduction from the decisions in this state is; where the servant, in obeying the orders of the master and without negligence on his part, is injured by the negligent operation of the master's automobile or other instrumentality by another servant of the master, and the injured servant is not permitted to participate in, or direct the operation of, and has no control over, the injuring instrumentality or the operator thereof, the master is liable if the negligent servant was acting within the scope of his employment when the injury was sustained.

In the instant case, Anderson, the driver of the automobile, had complete control of the machine. He was not a mere operative. He was the one who directed how, where, when and why the automobile should go. He had nothing to do with the cooking or the care of the child that was in plaintiff's charge. He was

making the trip to the city on an entirely separate matter. His business on the trip to the city was to get some glass for the greenhouses. He was directly engaged in the master's business within the scope of his employment. Plaintiff was in charge of the three-year-old child. Her attention and thought was devoted to him. She knew nothing about the operation of automobiles, nor did she in any way participate in or direct the operation of the one in which she was riding. She knew nothing of the rate of speed. She was directly obeying the master's order in riding in the automobile. She had a right to assume that the driver of the automobile would exercise ordinary care in handling the machine, in the master's business. This state of facts does not constitute plaintiff and the driver of the automobile fellow servants, so as to relieve the master of liability for the negligence of the driver.

It is unnecessary to pass on the other propositions of law raised in the briefs. It was error to grant nonsuit. The cause should have been submitted to the jury.

The judgment will be reversed and the cause remanded.

BEAN C. J., RAND and BROWN JJ., concur.